THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ADILSON MONTEIRO, KAREN GINSBURG,
JASON LUTAN, and BRIAN MINSK,
Individually and as representatives of a class of
similarly situated persons, on behalf of the
CHILDREN'S HOSPITAL
CORPORATION TAX-DEFERRED ANNUITY
PLAN,

    Plaintiffs,

v.

THE CHILDREN'S HOSPITAL
CORPORATION, THE BOARD OF
DIRECTORS OF THE CHILDREN'S
HOSPITAL CORPORATION, THE
CHILDREN'S HOSPITAL CORPORATION
RETIREMENT COMMITTEE; and DOES No.
1-20, Whose Names Are Currently Unknown,

    Defendants.

Case No: 1:22-cv-10069

**CONSENTED TO MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

    Pursuant to Local Rule 7.1(b), Defendants the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee (collectively "Defendants") respectfully move this Court for leave to file a Notice of Supplemental Authority in further support of their Motion to Dismiss Plaintiffs' Complaint (ECF No. 27), attached hereto as **Exhibit A**.

    As grounds for this Motion, Defendants state as follows:

    1.    Plaintiffs filed this putative class action on January 18, 2022. ECF No. 1. The Complaint asserts two claims that Defendants breached their fiduciary duties under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in relation to the Children's Hospital's 403(b) Tax-Deferred Annuity Plan ("the Plan"). Specifically, Plaintiffs challenge the investment strategies and fees of certain investment options offered by the Plan, particularly as to the actively-managed Fidelity Freedom Funds, as well as the cost of administrative and recordkeeping services provided to the Plan.

2.  On April 7, 2022, Defendants filed a Motion to Dismiss the Complaint in its entirety. ECF No. 27.

3.  On April 21, 2022, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss (ECF No. 29) and on May 6, 2022, Defendants filed a Reply in Further Support of their Motion to Dismiss (ECF No. 34).

4.  On June 21, 2022, the U.S. Court of Appeals for the Sixth Circuit issued a decision in *Smith v. CommonSpirit Health*, No. 21-5964, 2022 WL 2207557, -- F.4th -- (6th Cir. June 21, 2022) (attached as **Exhibit A.1**), unanimously affirming dismissal of ERISA fiduciary breach investment and recordkeeping fee claims like those at issue here, including an imprudence claim premised on the offering of the same actively-managed Fidelity Freedom Funds, because the plaintiff failed to allege facts justifying a plausible inference of a fiduciary breach. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, ECF 28 at 8, 12, 13; Reply In Further Support of Defendants' Motion to Dismiss, ECF 34 at 5, 8 (citing the now-affirmed *Smith* district court decision).

5.  *Smith* rearticulated the governing standards for evaluating the plausibility of ERISA fiduciary breach claims at the pleadings stage, including after the Supreme Court's recent decision in *Hughes v. Northwestern University,* 142 S. Ct. 737 (2022). *See Smith*, 2022 WL 2207557, at *2-3, *5. *Smith* emphasized that courts must carefully scrutinize complaints' allegations,

remembering that there is a "range of reasonable judgments a fiduciary may make based on her experience and expertise." *Id.*, at *6 (quoting *Hughes v. Nw. Univ.*, 142 S. Ct. 737, 742 (2022); *see also* ECF 28 at 5-6, 12-14; ECF 34 at 2, 7, 8.

6. Applying those standards with respect to the imprudent investment claim, *Smith* (1) rejected that a plan's decision to offer an actively-managed suite of funds (such as the Fidelity Freedom Funds) instead of a less risky passively-managed suite of funds (such as the Fidelity Index Funds) could support a claim of imprudence (*Smith*, 2022 WL 2207557, at *3; ECF 28 at 6-8; ECF 34 at 3); (2) rejected that the Fidelity Index Funds are appropriate comparators to the Fidelity Freedom Funds notwithstanding that they are "sponsored by the same company, managed by the same team, and use a similar allocation of investment types" (*Smith*, 2022 WL 2207557, at *5; ECF 28 at 7-8; Plaintiffs' Memorandum of Law In Opposition To Defendants' Motion to Dismiss, ECF 29 at 8-9); (3) rejected that the Fidelity Freedom Funds' alleged performance for a five-year period trailed the Freedom Index Funds is sufficient to state an imprudence claim (*Smith*, 2022 WL 2207557, at *7-8; ECF 28 at 10-12 (five-year period comparison to other target date funds)); and (4) rejected that the "the discretion that [Fidelity Freedom] fund managers had in choosing investments, net outflows from these funds to other investments, and outside analysts' critical evaluations of the funds" were red flags sufficient to support an imprudence claim (*Smith*, 2022 WL 2207557 at *5; ECF 28 at 12-13; ECF 34 at 6-8). Plaintiffs' nearly identical allegations and arguments should be rejected here too.

7. With respect to the recordkeeping fee claim, *Smith* endorses that a plaintiff cannot avoid dismissal merely by asserting that recordkeeping fees exceeded "industry average costs" or pointing to the alleged recordkeeping fees paid by just a handful of other plans. So too here. *Smith*, 2022 WL 2207557, at *12; ECF 28 at 14-16; ECF 34 at 8-10. Moreover, the Sixth Circuit found

the *Smith* plaintiff failed to plead facts plausibly showing that the plan's recordkeeping fees were excessive relative to the services rendered, and the same is true here. *Smith*, 2022 WL 2207557, at *12; ECF 28 at 16, n. 17; ECF 34 at 9-10.

For these reasons, Defendants submit that the Sixth Circuit's unanimous decision in *Smith* will aid the Court in deciding Defendants' pending Motion to Dismiss.

WHEREFORE, Defendants respectfully request leave to file a Notice of Supplemental Authority in support of their Motion to Dismiss, in the format attached hereto as Exhibit A.

Dated: June 23, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Keri L. Engelman*
Keri L. Engelman (BBO #704360)
Joshua M. Adler (BBO# 706905)
One Federal Street
Boston, MA  02110-1726
Tel:  (617) 341-7828
Fax:  (617) 341-7701
keri.engelman@morganlewis.com
joshua.adler@morganlewis.com

Jeremy P. Blumenfeld (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Stephanie R. Reiss (admitted *pro hac vice*)
One Oxford Centre, 32nd Fl.
Pittsburgh, PA  15219
Tel:  (412) 560-3378
Fax:  (412) 560-3700
stephanie.reiss@morganlewis.com

## **RULE 7.1 CERTIFICATE**

Counsel for Defendants hereby certify that they met and conferred with counsel for Plaintiffs regarded the requested relief. Counsel for Plaintiffs consent to the requested relief.

>  */s/ Keri L. Engelman*
>  Keri L. Engelman

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keri L. Engelman*
Keri L. Engelman
