**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, Individually and as representatives of a class of similarly situated persons, on behalf of the CHILDREN'S HOSPITAL CORPORATION TAX-DEFERRED ANNUITY PLAN,<br><br>      Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown,<br><br>      Defendants. | Case No: 1:22-cv-10069-AK |

**CONSENTED TO MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rule 7.1(b), Defendants the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee (collectively "Defendants") respectfully move this Court for leave to file a Notice of Supplemental Authority in further support of their Motion to Dismiss Plaintiffs' Complaint (ECF No. 27), attached hereto as **Exhibit A**.

As grounds for this Motion, Defendants state as follows:

1. Plaintiffs filed this putative class action on January 18, 2022. ECF No. 1. The Complaint asserts two claims that Defendants breached their fiduciary duties under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in relation to the Children's Hospital's 403(b) Tax-Deferred Annuity Plan ("the Plan"). Specifically, Plaintiffs challenge the investment strategies and fees of certain investment options offered by the Plan, particularly as to the actively-managed Fidelity Freedom Funds, as well as the cost of administrative and recordkeeping services provided to the Plan.

2.  On April 7, 2022, Defendants filed a Motion to Dismiss the Complaint in its entirety. ECF No. 27-28.

3.  On April 21, 2022, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss, ECF No. 29, and on May 6, 2022, Defendants filed a Reply in Further Support of their Motion to Dismiss, ECF No. 34.

4.  On August 29, 2022, the U.S. Court of Appeals for the Seventh Circuit issued a decision in *Albert v. Oshkosh Corp.*, No. 21-2789, 2022 WL 3714638, --- F.4th --- (7th Cir. Aug. 29, 2022) (attached as **Exhibit A.1**), unanimously affirming dismissal of ERISA fiduciary breach recordkeeping fee claims like those at issue here, because the plaintiff failed to allege facts justifying a plausible inference of a fiduciary breach. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, ECF No. 28 at 14-16; Reply in Further Support of Defendants' Motion to Dismiss, ECF No. 34 at 8-10.

5.  *Albert* rearticulated the governing standards for evaluating the plausibility of ERISA fiduciary breach claims at the pleadings stage, including after the Supreme Court's recent decision in *Hughes v. Northwestern University*, 142 S. Ct. 737 (2022). *See Albert*, 2022 WL 3714638, at *2-3, *5. *Albert* emphasized that courts must carefully scrutinize complaints' allegations, remembering that there is a "range of reasonable judgments a fiduciary may make

based on her experience and expertise." *Id*. at *4 (quoting *Hughes v. Nw. Univ.*, 142 S. Ct. at 742; *see also* ECF No. 28 at 5, 12-14; ECF No. 34 at 2, 7, 8.

6. Applying those standards with respect to the imprudent investment claim, *Albert* rejected plaintiff's allegation that offering actively-managed funds (such as the Fidelity Freedom Funds) instead of a less expensive passively-managed suite of funds (such as the Fidelity Index Funds) could state a claim of imprudence. *Albert*, 2022 WL 3714638, at *7-8 (citing *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1165 (6th Cir. 2022)). Critically, the Seventh Circuit affirmed the dismissal of the *Albert* plaintiff's claim because his allegations that the defendants failed to consider less expensive alternatives to the plan's actively-managed investment options did not provide a "sound basis for comparison." *Id.* at *8 (quoting *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018)). Plaintiffs' same arguments should be rejected here too. ECF No. 28 at 6-8; ECF No. 34 at 2-4.

7. With respect to the recordkeeping fee claim, *Albert* endorses that a plaintiff cannot avoid dismissal merely by pointing to the alleged recordkeeping fees paid by just a handful of other plans. So too here. *Albert*, 2022 WL 3714638, at *6; ECF No. 28 at 14-16; ECF No. 34 at 8-10. Moreover, the Seventh Circuit found the *Albert* plaintiff failed to plead facts plausibly showing that the plan's recordkeeping fees were excessive relative to the services rendered, and the same is true here. *Albert*, 2022 WL 3714638, at *6 (citing *Smith*, 37 F.4th at 1169); ECF No. 28 at 16 n.17; ECF No. 34 at 9-10.

For these reasons, Defendants submit that the Seventh Circuit's unanimous decision in *Albert* will aid the Court in deciding Defendants' pending Motion to Dismiss.

WHEREFORE, Defendants respectfully request leave to file a Notice of Supplemental Authority in support of their Motion to Dismiss, in the format attached hereto as Exhibit A.

Dated: August 31, 2022                    Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Keri L. Engelman*
Keri L. Engelman (BBO #704360)
Joshua M. Adler (BBO# 706905)
One Federal Street
Boston, MA 02110-1726
Tel: (617) 341-7828
Fax: (617) 341-7701
keri.engelman@morganlewis.com
joshua.adler@morganlewis.com

Jeremy P. Blumenfeld (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Stephanie R. Reiss (admitted *pro hac vice*)
One Oxford Centre, 32nd Fl.
Pittsburgh, PA 15219
Tel: (412) 560-3378
Fax: (412) 560-3700
stephanie.reiss@morganlewis.com

## RULE 7.1 CERTIFICATE

Counsel for Defendants hereby certify that they met and conferred with counsel for Plaintiffs regarded the requested relief. Counsel for Plaintiffs consent to the requested relief.

*/s/ Keri L. Engelman*
Keri L. Engelman

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keri L. Engelman*
Keri L. Engelman
