# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADILSON MONTEIRO, *et al.*,<br><br>                     Plaintiffs,<br>        v.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, *et al.*<br><br>                     Defendants. | Case No: 1:22-cv-10069-AK |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs[1] respectfully submit this response to Defendants'[2] Notice of Supplemental Authority in Further Support of Defendants' Motion to Dismiss (ECF No. 42) regarding the Seventh Circuit's recent decision in *Albert v. Oshkosh Corp.*, 47 F.4th ----, 2022 WL 3714638 (7th Cir. Aug. 29, 2022).  As a preliminary matter, *Albert* is neither binding on this Court nor persuasive when viewed against numerous of well-reasoned, on-point decisions by courts in this Circuit and around the country reaching the opposite conclusion.  In addition, the allegations in *Albert* are distinct from those advanced in the Complaint, and *Albert* therefore does not provide any support for Defendants' motion.[3]

---

[1] "Plaintiffs" refers to the named plaintiffs in this action, Adilson Monteiro, Karen Ginsburg, Jason Lutan, and Brian Minsk.

[2] "Defendants" refers to the defendants in this action, the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee.

[3] It also bears noting that the Seventh Circuit in *Albert* found that ERISA plaintiffs who invested in certain plan investment options have standing to challenge plan investments in which they did not personally invest.  *See* 2022 WL 3714638, at *5.  This is directly contrary to Defendants' argument for dismissal under Rule 12(b)(1), *see* ECF No. 42, at 18-20, and clearly counsels for the denial of Defendants' motion on that basis.

*First*, the recordkeeping fees claim dismissed by the district court in *Albert* hinged on the fact that the plan's recordkeeping fees were higher than average recordkeeping fees for other plans with similar participant country.  *See* 2022 WL 3714638, at *5.  In affirming dismissal of the claim, the Seventh Circuit reasoned the plaintiff failed to state a claim for breach of the duty of prudence because the complaint "'failed to allege that the [recordkeeping] fees were excessive relative to the services rendered.'"  *Id*. at *6 (citing *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1169 (6th Cir. 2022)).[4]  But Plaintiffs' recordkeeping fees claim is supported by just the sort of allegations the Seventh Circuit found to be lacking in *Albert*; indeed, Plaintiffs specifically allege the Plan's[5] recordkeeping fees were unreasonably high ***relative to the recordkeeping services provided***.  Importantly, Plaintiffs do not base their claim on the argument that Defendants failed to select the cheapest recordkeeping option—an argument rejected by the *Albert* court—but rather on the contention that Defendants failed to employ a sufficient fiduciary process to monitor the recordkeeping fees charged to the Plan.  *See* Class Action Complaint ("Complaint") (ECF No. 1) at ¶¶51-59; *Albert* at *5.  Plaintiffs more than sufficiently allege the Plan's recordkeeping fees were excessively expensive in relation to the services obtained, and clearly state a claim of imprudence.  *See* Complaint at ¶¶51-59.

*Second*, Plaintiffs respectfully submit that the Seventh Circuit's evaluation of the investment management fee claim in *Albert* misconstrues the Supreme Court's opinion in

---

[4] The recordkeeping fee claim at issue in *CommonSpirit* was not based on comparison of the at-issue plan's fees to those paid by other specifically identified plans, but comparison to industry averages alone.  *See* 37 F.4th at 1169.  Allegations of that type are entirely different than the allegations at issue in *Albert* and in this case.  Accordingly, Plaintiffs respectfully submit that the Seventh Circuit's reliance on *CommonSpirit* in reaching its conclusion is dubious and should not be of persuasive value here.

[5] "Plan" refers to the plan in this action, the Children's Hospital Corporation Tax-Deferred Annuity Plan.

*Hughes v. Northwestern University*, 142 S. Ct. 737 (2022) and, in any event, does not bear on Plaintiffs' claim that the Plan's investments were imprudent for reasons other than their fees. The Seventh Circuit in *Albert* failed to take into account the Supreme Court's repeated reference to the Ninth Circuit's guidance in *Tibble v. Edison Int'l*, 843 F.3d 1187, 1198 (9th Cir. 2016), which held "a trustee cannot ignore the power the trust wields to obtain favorable investment products, particularly when those products are substantially identical—other than their lower cost—to products the trustee has already selected."[6] Plaintiffs' investment management fee claim is analogous to those discussed in *Hughes* and *Tibble*, meaning Plaintiffs adequately state a claim of breach of fiduciary duty under recently reaffirmed Supreme Court precedent. Further, while the *Albert* Court emphasized the holding in *Hecker v. Deere & Co.*, 556 F.3d 575, 586 (7th Cir. 2009), which reasoned "nothing in ERISA requires every fiduciary to scour the market to find and offer the cheapest possible fund," Plaintiffs here do not allege Defendants breached their fiduciary duty by not offering the ***cheapest*** investment option. Rather, Plaintiffs argue Defendants failed to prudently monitor the Plan and discover ***readily available, less expensive, and identical*** investment options. Additionally, Plaintiffs assert the Plan's investment menu was skewed toward high-cost options, which is a matter not considered in *Albert*. *See* Compl., at ¶¶ 83-85.

*Third*, the *Albert* plaintiff's claim regarding the plan's investment management fees merely alleged the defendants inappropriately selected actively managed funds instead of the cheaper passively managed fund. *See Albert* at *7 ("A complaint cannot simply make a bare

---

[6] Multiple other circuit courts have applied the rationale from *Hughes* and *Tibble* in their analyses of analogous investment management fee claims, and correctly found the plaintiffs plausibly stated claims of breach of fiduciary duty. *See Davis v. Salesforce.com, Inc.*, 2022 WL 1055557 (9th Cir. Apr 8, 2022); *Forman v. TriHealth, Inc.*, 40 F.4th 443 (6th Cir. 2022); *cf. Sweda v. University of Pennsylvania*, 923 F.3d 320 (3d Cir. 2019).

allegation that costs are too high, or returns are too low . . . Rather, it 'must provide a sound basis for comparison—a meaningful benchmark.'") (citing *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018)).  Plaintiffs' claim is not akin to the *per se* challenge to active management advanced in *Albert*.  In contrast to *Albert*, Plaintiffs' direct investment challenges (a claim not present in *Albert*) is far more comprehensive and is based on apt active and passive performance benchmarks.  Indeed, beyond alleging Defendants' imprudence based on the considerable costs of the Plan's investments, Plaintiffs allege the funds were unsuitably risky for Plan participants, the funds were the subject of significant investor and media scrutiny, the funds saw significant capital outflows, and the funds had inferior returns when compared to appropriate benchmarks and prudent alternative investment options, ***including active comparators***.  As Plaintiffs explained in opposing Defendants' motion to dismiss, these are the sort of clear indicia of imprudence that courts around the country have found sufficient to state a claim, a conclusion not altered (or even addressed) by *Albert*.

Ultimately, the Seventh Circuit's opinion in *Albert* contemplated facts substantially less developed than the detailed allegations underlying Plaintiffs' claims here.  Given the meaningful distinctions articulated above, *Albert* should not alter this Court's analysis or serve to support Defendants' motion to dismiss.

Dated: October 6, 2022                                            Respectfully submitted,

/s/ *Laurie Rubinow*
James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
           lrubinow@millershah.com

4

James C. Shah
Alec J. Berin
John C. Roberts
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
      ajberin@millershah.com
      jcroberts@millershah.com

Kolin C. Tang
MILLER SHAH LLP
19712 MacArthur Blvd.
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Mark K. Gyandoh
Gabrielle Kelerchian
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
      gabriellek@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

John Roddy
Elizabeth Ryan
BAILEY & GLASSER LLP
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954
Email: jroddy@baileyglasser.com
eryan@baileyglasser.com

*Attorneys for Plaintiffs, the Plan and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2022 a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

/s/ *Laurie Rubinow*
Laurie Rubinow