THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, Individually and as representatives of a class of similarly situated persons, on behalf of the CHILDREN'S HOSPITAL CORPORATION TAX-DEFERRED ANNUITY PLAN,<br><br>        Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown,<br><br>        Defendants. | Case No: 1:22-cv-10069-AK |

### MOTION FOR LEAVE TO FILE A REPLY NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.1(b), Defendants the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee (collectively "Defendants") respectfully move this Court for leave to file a Reply Notice of Supplemental Authority in Further Support of Defendants' Motion to Dismiss (ECF No. 42), attached hereto as **Exhibit A**.

As grounds for this Motion, Defendants state as follows:

1. Defendants filed a Notice of Supplemental Authority in Further Support of Defendant's Motion to Dismiss ("Notice") on September 1, 2022. ECF No. 42. The one-page Notice brought to the Court's attention *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022).

2. Plaintiffs filed a response to Defendants' Notice on October 7, 2022. ECF No. 46.

3. In their response, Plaintiffs offered a number of arguments as to why they believed *Albert* was distinguishable, including purported differences in the factual allegations in the two operative complaints.

4. In fact, as explained in Defendants' proposed Reply attached hereto, Plaintiffs' allegations are not meaningfully different from those in *Albert*, and should dismissed as a result.

5. Just as in this case, the *Albert* Amended Complaint alleges throughout that the higher fees arose because of an imprudent process, including failure to regularly conduct competitive comparisons of recordkeeping fees. *See Albert v. Oshkosh Corp.*, No. 20-cv-901, ECF No. 20 ("*Albert* Am. Compl.") ¶¶ 81, 83–99, 110–113 (discussing imprudent process because, *inter alia*, "Defendants failed to regularly solicit quotes and/or competitive bids from covered service providers").

6. Moreover, just as in this case, the *Albert* Amended Complaint alleges that it was the failure to solicit competitive bids on fees for *the same services* that led to the alleged unreasonable fees. *See Albert* Am. Compl. ¶¶ 72–74. Because the non-conclusory facts pled still failed to plausibly show that the plan's recordkeeping fees were "excessive related to services rendered," the court in *Albert* held the claims were subject to dismissal. *Albert*, 47 F.4th at 580. The same is true here. *Compare* Compl. ¶¶ 51–59 (pointing to differences in recordkeeping fees between the Plan and a handful of other "comparable" plans), *with Albert* Am. Compl. ¶¶ 88–114 (same).

7.      Also as in *Albert*, Plaintiffs allege that Defendants breached their fiduciary duty by offering the same actively managed Fidelity Freedom funds with higher investment management fees instead of "less costly," passively managed index funds.  *Compare* Compl. ¶¶ 60–82, *with Albert* Am. Compl. ¶¶ 169–196.  While Plaintiffs point out that they pled the options selected by the Plan were imprudent because they had inferior returns, not based on price alone, the *Albert* complaint had similar allegations of fiduciary breach by "maintaining certain funds in the Plan despite the availability of identical or similar investment options with lower costs and/or better performance history."  *Albert* Am. Compl. ¶ 69.  Accordingly, just as in *Albert*, the allegations here are insufficient to state a claim of imprudence because they fail to provide the requisite "sound basis for comparison."  *Albert*, 47 F.4th at 581 (citation omitted).

8.      Plaintiffs do not consent to the filing of Defendant's proposed Reply.

WHEREFORE, Defendants respectfully request leave to file a Reply Notice of Supplemental Authority in Further Support of Defendants' Motion to Dismiss, in the format attached hereto as Exhibit A.

Dated:  October 17, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Keri L. Engelman*
Keri L. Engelman (BBO #704360)
Joshua M. Adler (BBO# 706905)
One Federal Street
Boston, MA  02110-1726
Tel:  (617) 341-7828
Fax:  (617) 341-7701
keri.engelman@morganlewis.com
joshua.adler@morganlewis.com

>Jeremy P. Blumenfeld (admitted *pro hac vice*)
>1701 Market Street
>Philadelphia, PA  19103
>Tel:  (215) 963-5000
>Fax:  (215) 963-5001
>jeremy.blumenfeld@morganlewis.com
>
>Stephanie R. Reiss (admitted *pro hac vice*)
>One Oxford Centre, 32nd Fl.
>Pittsburgh, PA  15219
>Tel:  (412) 560-3378
>Fax:  (412) 560-3700
>stephanie.reiss@morganlewis.com

## **RULE 7.1 CERTIFICATE**

Counsel for Defendants hereby certify that they met and conferred with counsel for Plaintiffs regarded the requested relief. Counsel for Plaintiffs do not consent to the requested relief.

*/s/ Keri L. Engelman*
Keri L. Engelman

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keri L. Engelman*
Keri L. Engelman
