THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, Individually and as representatives of a class of similarly situated persons, on behalf of the CHILDREN'S HOSPITAL CORPORATION TAX-DEFERRED ANNUITY PLAN,

    Plaintiffs,

v.

THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown,

    Defendants.

Case No: 1:22-cv-10069

### CONSENTED TO MOTION FOR LEAVE TO FILE THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.1(b), Defendants the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee (collectively "Defendants") respectfully move this Court for leave to file a Third Notice of Supplemental Authority in further support of their Motion to Dismiss Plaintiffs' Complaint (ECF No. 27), attached hereto as **Exhibit A**.

As grounds for this Motion, Defendants state as follows:

1.     Plaintiffs filed this putative class action on January 18, 2022. ECF No. 1. The Complaint asserts two claims that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in relation to the Children's Hospital's 403(b) Tax-Deferred Annuity Plan ("the Plan"). Specifically, Plaintiffs challenge the investment strategies and fees of certain investment options offered by the Plan, as well as the cost of administrative and recordkeeping services provided to the Plan.

2.     On April 7, 2022, Defendants filed a Motion to Dismiss the Complaint in its entirety. ECF No. 27.

3.     On April 21, 2022, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss (ECF No. 29) and on May 6, 2022, Defendants filed a Reply in Further Support of their Motion to Dismiss (ECF No. 34).

4.     On October 12, 2022, the U.S. Court of Appeals for the Eighth Circuit issued a decision in *Matousek v. MidAmerican Energy Co.*, No. 21-2749, --- F.4th ---, 2022 WL 6880771 (8th Cir. Oct. 12, 2022) (attached as **Exhibit A.1**), unanimously affirming dismissal of ERISA fiduciary breach investment and recordkeeping fee claims like those at issue here, because the plaintiff failed to allege facts justifying a plausible inference of a fiduciary breach. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, ECF No. 28 at 1, 8-14; Reply In Further Support of Defendants' Motion to Dismiss, ECF No. 34 at 2-3, 5, 8.

5.     In *Matousek*, the Eighth Circuit joined the Sixth and Seventh Circuits[1] in holding that, at the motion to dismiss stage, ERISA plaintiffs must identify a "sound" and "meaningful" benchmark for recordkeeping fees to state a viable claim for imprudent recordkeeping fees.

---

[1] *See Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022); *Forman v. TriHealth*, 40 F.4th 443 (6th Cir. 2022); *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022), *reh'g denied*, 2022 WL 4372363 (7th Cir. Sept. 21, 2022).

*Matousek*, 2022 WL 6880771, at *3.² Alleging that "costs are too high, or returns are too low" is not enough, as the Eighth Circuit reinforced. *Id*. (quoting *Davis*, 960 F.3d at 484). The *Matousek* court concluded that plaintiffs had failed to identify such a "sound" and "meaningful" benchmark for recordkeeping fees, *inter alia*, because plaintiffs did not plausibly plead that the services provided to the proffered comparators matched those being provided by the recordkeeper to the plan. *Id.* Plaintiffs similarly failed to allege specific and non-conclusory facts suggesting that the services provided by their comparators were the same as those the recordkeeper provided to the Plan here, even admitting that Fidelity provided additional services. *See* Reply In Further Support of Defendants' Motion to Dismiss, ECF No. 34 at 1, 9-10.

6.    As for the *Matousek* plaintiffs' imprudent-investment claims, the Eighth Circuit held that the individual funds the complaint identified as comparators for the challenged investments—both in terms of expense ratios and fund performance—were not appropriate benchmarks because they had different goals, *e.g.*, value versus growth. *Matousek*, 2022 WL 6880771, at *5. In this case, Plaintiffs similarly compare the challenged funds to other funds with completely different goals, *e.g.*, comparing the actively-managed Fidelity Freedom funds to the passively-managed Fidelity Index funds. *See* Compl. ¶¶ 61-67; Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, ECF No. 28 at 7-8; Reply In Further Support of Defendants' Motion to Dismiss, ECF No. 34 at 2-3. The same is true with respect to Plaintiffs' inapt comparators to other so-called "popular" target date funds. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, ECF No. 28 at 9; Reply In Further Support of Defendants' Motion to Dismiss, ECF No. 34 at 5.

---

² The Eighth Circuit had previously ruled that the "meaningful benchmark" requirement applied to allegations of imprudent investments. *See Meiners v. Wells Fargo*, 898 F.3d 820 (8th Cir. 2018) and *Davis v. Wash. Univ. in St. Louis*, 960 F.3d 478 (8th Cir. 2020).

7. The court in *Matousek* also rejected the plaintiffs' "peer group" comparisons of fund performance and expense ratios. The court observed that it was impossible to tell the makeup of the alleged peer groups, which meant "we have no way of knowing whether the peer-group funds provide a 'sound basis for comparison.'" *Matousek*, 2022 WL 6880771, at *4 (citation omitted). Comparing the funds in MidAmerican's plan to these alleged peer groups did not "connect the dots in a way that leads to an inference of imprudence." *Id.* at *5. So too here. Plaintiffs' allegations that the total plan costs were excessive based on comparison to alleged peers in the Investment Company Institute study ("ICI Study") (Compl. ¶ 83) suffered from the same flaws. Plaintiffs say nothing about the makeup of the comparison peer group from the ICI Study that was used to calculate average "total plan costs," and as such the ICI Study cannot be a "sound" and "meaningful benchmark."

8. For these reasons, Defendants submit that the Eighth Circuit's decision in *Matousek* will aid the Court in deciding Defendants' pending Motion to Dismiss.

WHEREFORE, Defendants respectfully request leave to file a Second Notice of Supplemental Authority in support of their Motion to Dismiss, in the format attached hereto as Exhibit A.

Dated: October 19, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Keri L. Engelman*
Keri L. Engelman (BBO #704360)
Joshua M. Adler (BBO# 706905)
One Federal Street
Boston, MA  02110-1726
Tel:  (617) 341-7828
Fax:  (617) 341-7701
keri.engelman@morganlewis.com
joshua.adler@morganlewis.com

Jeremy P. Blumenfeld (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Stephanie R. Reiss (admitted *pro hac vice*)
One Oxford Centre, 32nd Fl.
Pittsburgh, PA 15219
Tel: (412) 560-3378
Fax: (412) 560-3700
stephanie.reiss@morganlewis.com

## **RULE 7.1 CERTIFICATE**

Counsel for Defendants hereby certify that they met and conferred with counsel for Plaintiffs regarded the requested relief. Counsel for Plaintiffs consent to the requested relief.

*/s/ Keri L. Engelman*
Keri L. Engelman

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keri L. Engelman*
Keri L. Engelman
