THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, Individually and as representatives of a class of similarly situated persons, on behalf of the CHILDREN'S HOSPITAL CORPORATION TAX-DEFERRED ANNUITY PLAN,<br><br>      Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown,<br><br>      Defendants. | Case No: 1:22-cv-10069-AK |

**CONSENTED-TO MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rule 7.1(b), Defendants the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee (collectively "Defendants") respectfully move this Court for leave to file a Fourth Notice of Supplemental Authorities in further support of their Motion to Dismiss Plaintiffs' Complaint (ECF No. 27), attached hereto as **Exhibit A**.

As grounds for this Motion, Defendants state as follows:

1. Plaintiffs filed this putative class action on January 18, 2022. ECF No. 1. The Complaint asserts two claims that Defendants breached their fiduciary duties under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in relation to the Children's Hospital's 403(b) Tax-Deferred Annuity Plan ("the Plan"). Specifically, Plaintiffs challenge the investment strategies and fees of certain investment options offered by the Plan, as well as the cost of administrative and recordkeeping services provided to the Plan.

2. On April 7, 2022, Defendants filed a Motion to Dismiss the Complaint in its entirety. ECF Nos. 27-28.

3. On April 21, 2022, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss (ECF No. 29), and on May 6, 2022, Defendants filed a Reply in Further Support of their Motion to Dismiss (ECF No. 34).

4. On December 1, 2022, the U.S. District Court for the Eastern District of Virginia issued decisions from the bench in *Tullgren v. Booz Allen Hamilton Inc.*, No. 1:22-cv-856 (E.D. Va. Dec. 1, 2022) (Dkts. 34-35) and *Hall v. Capital One Fin. Corp.*, No. 1:22-cv-857 (E.D. Va. Dec. 1, 2022) (Dkts. 46-47), granting dismissal of ERISA fiduciary breach imprudent-investment claims like those at issue here. *Tullgren*, No. 1:22-cv-856, at Dkt. 37 (Tr. of motion proceedings held on Dec. 1, 2022); *Hall*, No. 1:22-cv-857, at Dkt. 49 (same) (attached as Exhibit A.1)[1]; *see also* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, ECF No. 28 at 6-11; Reply in Further Support of Defendants' Motion to Dismiss, ECF No. 34 at 2-6. In *Tullgren* and *Hall*, like here, the plaintiffs alleged that the defendants breached their fiduciary duties by offering certain target-date funds (BlackRock Lifepath Index Target Date Funds ("BlackRock TDFs")) instead of other, allegedly better-performing target-date fund options. Indeed, the plaintiffs alleged the *same* alternative target-date funds—Fidelity Index, Vanguard, American Funds, and T. Rowe Price—that Plaintiffs try to use here to state a fiduciary breach

---

[1] The Court decided the motions to dismiss in *Tullgren* and *Hall* together given the similar claims and party representation in both cases, although the matters were not formally consolidated. *See* Ex. A.1, Tr. at 4:5-19.

2

claim. *Compare, e.g.*, Compl. ¶¶ 61, 81-82 *with* Compl. ¶¶ 35-36, *Tullgren v. Booz Allen Hamilton Inc.*, No. 1:22-cv-856 (E.D. Va. Aug 1, 2022), Dkt. 1, *and* Compl. ¶¶ 37-38 *Hall v. Capital One Fin. Corp.*, No. 1:22-cv-857 (E.D. Va. Aug. 1, 2022), Dkt. 1.

5.  *Tullgren* and *Hall* rejected the plaintiffs' claims. In so doing, the Eastern District of Virginia followed the Sixth, Seventh, and Eighth Circuits[2] in holding that, at the motion to dismiss stage, ERISA plaintiffs must identify "appropriate, meaningful benchmark comparators" to allege a viable imprudent-investment claim. Ex. A.1, Tr. 36:14-17. The *Tullgren* and *Hall* plaintiffs failed to meet that pleading requirement, rejecting the same target date comparators those alleged here. The court explained:

> Plaintiffs fail to allege facts that demonstrate BlackRock TDFs severely underperformed the comparable TDFs or *that, in fact, the comparable TDFs were appropriate, meaningful benchmark comparators*. The complaint lacks facts showing that the TDFs *shared the same investment strategy, investment style, risk profile, or asset allocation*. The Court accepts that the differences that have been identified between actively managed and passively managed, the time horizons of "to retirement" versus "through retirement," *and the different allocations of bond and equity mixes is fatally defective* in plausibly stating a claim[.]

*Id.* at 36:14-24 (emphases added). Plaintiffs' allegations suffer from same fatal flaws and should be dismissed for the same reasons. *See* ECF No. 28 at 6-11; ECF No. 34 at 2-6.

6.  On January 31, 2023, the U.S. District Court for the District of Colorado decided *Jones v. DISH Network Corp.*, 1:22-cv-167 (D. Colo. Jan. 31, 2023) (Dkt. 72) (attached hereto as Exhibit A.2), granting Rule 12(b)(6) dismissal of claims ***identical*** to those Plaintiff raises here. In fact, the complaint in *Jones* is, paragraph-for-paragraph, nearly identical to Plaintiffs' Complaint (which was filed two days before the *Jones* complaint by the same plaintiffs' attorneys). *Compare* Compl., *Jones v. DISH Network Corp.*, 1:22-cv-167 (D. Colo. Jan. 20, 2022), Dkt. 1 ("*Jones*

---

[2] *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1167 (6th Cir. 2022); *Albert v. Oshkosh Corp.*, 47 F.4th 570, 581-82 (7th Cir. 2022); *Matousek v. MidAm. Energy Co.*, 51 F.4th 274, 280-81 (8th Cir. 2022).

Compl."), *with* Compl., ECF No. 1.  In *Jones*, like here, the plaintiffs alleged the defendants breached their fiduciary duties by allowing plan participants to pay "excessive" recordkeeping fees and for offering the allegedly imprudent Fidelity Freedom Funds.  *Compare Jones* Compl. ¶¶ 49-81 *with* Compl. ¶¶ 49-82.

7. *Jones* rejected the plaintiffs' recordkeeping and Freedom Funds claims.  As to the plaintiffs' imprudent-investment claim concerning the Freedom Funds, *Jones* rejected the exact same arguments Plaintiffs advance here in support of that claim.  *See Jones*, Dkt. 72 at 22-34.  The court held that the plaintiffs failed to state a plausible claim of imprudence by comparing the Freedom Funds' expense ratio, level of risk, and amount of investment inflow/outflow to the Index Funds.  *Id.* at 25-30.  For example, simply "pointing out the additional expense inherently associated with actively managed funds as compared to passive funds does not suffice to state a claim of imprudence" because a fiduciary has no obligation to "scour the market to find and offer the cheapest possible fund."  *Id.* at 27 (citation omitted).  *Jones* also held that the plaintiffs failed to state a claim of imprudence by alleging the defendants should have replaced the Freedom Funds with allegedly better-performing TDFs offered by other managers—once again, the very same alternative TDFs that Plaintiffs allege here, Fidelity Index, Vanguard, American Funds, and T. Rowe Price.  Even assuming the TDFs were meaningful comparators, the court explained, the plaintiffs only alleged that the Freedom Funds were slightly underperforming TDFs offered by competitors at a single point in time—at the start of the class period—which was insufficient to raise a plausible inference of imprudence.  *Id.* at 31-33.  Lastly, *Jones* rejected the plaintiffs' contention that retaining the Freedom Funds was imprudent because their underlying investments allegedly lacked a sufficiently long track record or underperformed their benchmarks prior to the class period.  As the court explained, "[f]undamentally, an allegation regarding a subset of a TDFs

underlying investment vehicles ultimately says very little about the prudence of retaining the TDF at issue." *Id.* at 33-34. Plaintiffs' imprudent-investment claim concerning the Freedom Funds rests on allegations identical to those in *Jones*. *Compare Jones* Compl. ¶¶ 60-81 *with* Compl. ¶¶ 60-82. The Court should dismiss Plaintiffs' claim for the same reasons. *See also* ECF No. 28 at 6-14; ECF No. 34 at 2-8.

8. As to the recordkeeping claim, the court held that the plaintiffs' attempt to compare the DISH Network Corporation's 401(k) plan's recordkeeping fees to other plans was "utterly inapt." *Jones*, Dkt. 72 at 21. In particular, the court rebuked the complaint's comparison of the "*average* fee paid by the [p]lan over a five-year period to the fees paid by the comparator plans for just *one* selected year" because it failed to provide an "apples-to-apples" comparison. *Id.* At bottom, the court explained, the plaintiffs "simply allege that the [p]lan paid higher fees than Plaintiffs believe it should have," which is inadequate to state a claim for fiduciary breach. *Id.* at 22. So too here. Plaintiffs make the same flawed comparison of the Plan's alleged recordkeeping fees over the relevant period to seven other plans—six of which were also identified in the *Jones* complaint—in a single year. As in *Jones*, and for the additional reasons provided in Defendants' briefing, these allegations do not permit a plausible inference of imprudence. *See* ECF No. 28 at 14-16; ECF No. 34 at 8-10.

9. On February 7, 2023, the U.S. District Court for the Western District of Washington decided *Beldock v. Microsoft Corp.*, 2023 WL 1798171 (W.D. Wash. Feb. 7, 2023) (attached hereto as Exhibit A.3), granting dismissal of ERISA fiduciary breach imprudent-investment claims like those at issue here. In *Beldock*, like here, the plaintiffs alleged that the defendants breached their fiduciary duties by offering certain target-date funds (in *Beldock*, the BlackRock TDFs) instead of other, allegedly better-performing target-date fund options. Like in *Tullgren* and *Hall*,

5

the *Beldock* plaintiffs alleged the *same* alternative target date funds—Fidelity Index, Vanguard, American Funds, and T. Rowe Price—that Plaintiffs try to use here to state a fiduciary breach claim. *Compare, e.g.*, Compl. ¶¶ 61, 81-82 *with* Compl. ¶¶ 39-40, *Beldock v. Microsoft Corp.*, 2:22-cv-1082 (W.D. Wash. Aug. 2, 2022) (Dkt. 1).

10. *Beldock* rejected the plaintiffs' claims. Even assuming other TDFs that the plaintiffs identified were "meaningful benchmarks" for the BlackRock TDFs, the court held that the plaintiffs' allegations of underperformance by the BlackRock TDFs—including nine pages of quarterly charts showing three- and five-year annualized returns for the BlackRock TDFs and other TDF options—were insufficient to permit an inference that the defendants acted imprudently in retaining the BlackRock TDFs. *Id.* at *2, *7. The plaintiffs, the court explained, alleged no facts "that would 'tend to exclude the possibility' that Defendants had reasons to retain the BlackRock TDFs that were consistent with their fiduciary duties." *Id.* at *7 (quoting *White v. Chevron*, 752 F. App'x 453, 454-55 (9th Cir. 2018)). So too here. Plaintiffs allege that the Plan's inclusion of Freedom Funds was imprudent because they allegedly underperformed other TDFs. Compl. ¶¶ 80-82. Plaintiffs also provide a chart purporting to show three- and five-year annualized returns for the Freedom Funds and four other TDFs as of Q4 2015. *Id.* ¶ 81. But as in *Beldock*, the allegation of underperformance—and a single chart showing returns for a single point in time—do nothing to "exclude the possibility" that Defendants' reasons for retaining the Freedom Funds was consistent with their fiduciary duties or plausibly suggest that Defendants' fiduciary process was imprudent. *See* ECF No. 28 at 8-11; ECF No. 34 at 5-6.

11. For these reasons, Defendants submit that the Eastern District of Virginia's decisions in *Tullgren* and *Hall*, the District of Colorado's decision in *Jones*, and the Western

District of Washington's decision in *Beldock* will aid the Court in deciding Defendants' pending Motion to Dismiss.

WHEREFORE, Defendants respectfully request leave to file a Notice of Supplemental Authorities in support of their Motion to Dismiss, in the format attached hereto as Exhibit A.

Dated:  February 10, 2023

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Keri L. Engelman*
Keri L. Engelman (BBO #704360)
One Federal Street
Boston, MA  02110-1726
Tel:  (617) 341-7828
Fax:  (617) 341-7701
keri.engelman@morganlewis.com

Jeremy P. Blumenfeld (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Stephanie R. Reiss (admitted *pro hac vice*)
One Oxford Centre, 32nd Fl.
Pittsburgh, PA  15219
Tel:  (412) 560-3378
Fax:  (412) 560-3700
stephanie.reiss@morganlewis.com

## **RULE 7.1 CERTIFICATE**

Counsel for Defendants hereby certify that they met and conferred with counsel for Plaintiffs regarded the requested relief. Counsel for Plaintiffs consent to the requested relief.

<u>/s/ Keri L. Engelman</u>
Keri L. Engelman

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February, 2023, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keri L. Engelman*
Keri L. Engelman
