**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, Individually and as representatives of a class of similarly situated persons, on behalf of the CHILDREN'S HOSPITAL CORPORATION TAX-DEFERRED ANNUITY PLAN,

        Plaintiffs,

v.

THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown,

        Defendants.

Case No: 1:22-cv-10069

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

---

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**
**CLASS ACTION COMPLAINT**

Defendants the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee (collectively "Defendants") through their undersigned attorneys, hereby answer Plaintiffs' Class Action Complaint (Plaintiffs) in accordance with the numbered paragraphs as follows.[1]

---

[1] For structural purposes and for ease of reference only, Defendants herein utilize the primary headings presented in the Complaint. Defendants deny any and all substantive allegations that appear in any headings, footnotes, or other areas outside of the paragraphs directly addressed in this Answer.

## I.    **INTRODUCTION**

1.      Defendants admit that Plaintiffs purport to bring their claims as class action claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(2), on behalf of participants in the Children's Hospital Corporation Tax-Deferred Annuity Plan ("Plan"), but deny that Plaintiffs' claims are appropriate for class treatment and deny that Plaintiffs, the Plan or any putative class members are entitled to relief under ERISA or to any other relief whatsoever. Defendants deny the remaining allegations of Paragraph 1.

2.      Paragraph 2 asserts legal conclusions and arguments to which no response is required.  To the extent a response to the allegations in Paragraph 2 is required, Defendants lack sufficient information upon which to base a response to said allegations and on that basis deny those allegations.

3.      Defendants lack sufficient information upon which to base a response to the allegations in Paragraph 3 and on that basis deny those allegations.

4.      In response to the first sentence in Paragraph 4, Defendants admit that the Plan's 2020 Form 5500 reported that the Plan had 18,580 participants with account balances as of December 31, 2020, with total assets of over $1.1 billion.  The second and third sentences in Paragraph 4 assert legal conclusions and arguments to which no response is required.  Except as admitted, Defendants deny the remaining allegations in Paragraph 4.

5.      Paragraph 5 asserts legal conclusion and arguments to which no response is required.  To the extent a response is required, Defendants admit that The Children's Hospital Corporation sponsors the Plan, and that Boston Children's Hospital, through its authorized representatives, administers the Plan.  Defendants also admit that Paragraph 5 purports to characterize duties imposed on retirement plan fiduciaries under ERISA, but Defendants deny that

Defendants breached any duties under ERISA or any other law. Except as admitted, Defendants deny the remaining allegations of Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that Plaintiffs allege breach-of-fiduciary duty claims and other claims under ERISA, but deny that Defendants breached any fiduciary duties to Plaintiffs, the Plan or any putative class members, or violated any provision of ERISA or other law. Defendants also deny that Plaintiffs are entitled to relief under ERISA or any other relief whatsoever. Defendants further deny that class treatment is appropriate. Except as admitted, Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants deny that Plaintiffs, the Plan or any putative class members are entitled to relief under ERISA or any other relief whatsoever, and deny any remaining allegations in Paragraph 8.

## II.   THE PARTIES

9.      The first sentence in Paragraph 9 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Monteiro is a former employee of Boston Children's Hospital, and that during the period from September 2018 to 2019, Monteiro was a Plan participant with an investment in the Fidelity Freedom 2045 Fund. Defendants further admit that the last address the Plan recordkeeper has on file for Monteiro's residence was in Randolph, Massachusetts. Defendants deny that Monteiro was subject to any "excessive" recordkeeping and/or administrative costs, and except as admitted, deny any remaining allegations in Paragraph 9.

10.     The first sentence in Paragraph 10 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Ginsburg is a former

employee of Boston Children's Hospital, and that during the period from January 2016 to 2019, Ginsburg was a Plan participant with an investment in the Fidelity Freedom 2025 Fund. Defendants further admit that the last address the Plan recordkeeper has on file for Ginsburg's residence was in Swampscott, Massachusetts. Defendants deny that Ginsburg was subject to any "excessive" recordkeeping and/or administrative costs, and except as admitted, deny any remaining allegations in Paragraph 10.

11.     The first sentence in Paragraph 11 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Lutan is a former employee of Boston Children's Hospital, and that during the period from January 2016 to December 2019, Lutan was a Plan participant with an investment in the Fidelity Freedom 2040 Fund. Defendants further admit that the last address the Plan recordkeeper has on file for Lutan's residence was in Boston, Massachusetts. Defendants deny that Lutan was subject to any "excessive" recordkeeping and/or administrative costs, and except as admitted, deny any remaining allegations in Paragraph 11.

12.     The first sentence in Paragraph 12 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Minsk is a former employee of Boston Children's Hospital, and that during the period from January 2016 to May 2019, Minsk was a Plan participant with an investment in the Fidelity Freedom 2055 Fund. Defendants further admit that the last address the Plan recordkeeper has on file for Minsk's residence was in Quincy, Massachusetts. Defendants deny that Minsk was subject to any "excessive" recordkeeping and/or administrative costs, and except as admitted, deny any remaining allegations in Paragraph 12.

13.     Defendants admit the allegations in Paragraph 13.

4

14.     Defendants admit that the Board of Directors of the Children's Hospital Corporation appoints the "physician representative" to the Boston Children's Hospital Retirement Committee ("Committee").  The remaining allegations in Paragraph 14 are legal conclusions and arguments to which no response is required.  Except as admitted, Defendants deny all remaining allegations in Paragraph 14.

15.     Paragraph 15 asserts legal conclusions and arguments to which no response is required.  To the extent a further response is required, Defendants admit that the Committee acts in an administrative and advisory capacity with respect to the Plan.  Defendants further admit that the Committee was established by The Children's Hospital Corporation d/b/a Boston Children's Hospital, that the Committee maintains its address in Boston, Massachusetts, and that appointments to the Committee are made consistent with the Committee's Charter.  Except as admitted, Defendants deny the remaining allegations in Paragraph 15.

16.     The first sentence in Paragraph 16 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to refer to unnamed members of the "Administrative Committee" as Does 11-20 but deny that it is proper to do so.  Except as admitted, Defendants deny any remaining allegations in Paragraph 16.

### III.    JURISDICTION AND VENUE

17.     Defendants admit that Plaintiffs purport to seek relief under ERISA.  Except as admitted, Defendants deny any remaining allegations in Paragraph 17, and Defendants expressly deny that Plaintiffs have stated claims for which relief can be granted and that Plaintiffs are entitled to relief in this case.

18.     Paragraph 18 asserts legal conclusions to which no response is required. Defendants admit that Plaintiffs have attempted to state claims in their Complaint under of ERISA,

and that such claims, if properly stated, give rise to subject matter jurisdiction in this Court.  Except as admitted, Defendants deny the allegations in Paragraph 18.

19.    Paragraph 19 asserts legal conclusions to which no response is required.  To the extent a response a required, Defendants deny that Defendants' committed any "acts or omissions" giving rise to Plaintiffs' alleged claims.  Defendants admit only that Boston Children's principal place of business is within this district making venue proper. Except as admitted, Defendants deny the remaining allegations in Paragraph 19.

20.    Paragraph 20 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants state that 29 U.S.C. § 1132(a)(2) is a written statute that speaks for itself as to whom it authorizes to bring action, and specifically deny that Plaintiffs have Article III standing to challenge investment funds in which they did not invest and any fees in which they did not pay, and deny the remaining allegations in Paragraph 20.

### IV.  FACTUAL ALLEGATIONS

**A.    Background and Plan Structure**

21.    Defendants admit the allegations presented in the first and second sentences of Paragraph 21.  With respect to the final sentence in Paragraph 21, Defendants admit that, during the putative class period, the investment options available to participants in the Plan included, but were not necessarily limited to, mutual funds, guaranteed investment contracts and a self-directed brokerage account.  The remaining allegations in Paragraph 21 purport to characterize the terms of the Plan and/or its amendments and other governing documents, which are written documents that speak for themselves.  To the extent a response to those allegations is required, Defendants deny any characterizations that are contrary to the terms of those documents.  Defendants deny the remaining allegations in Paragraph 21.

6

22.     Defendants admit the allegations in Paragraph 22.

23.     Defendants admit the allegations in the first sentence in Paragraph 23.  Defendants lack knowledge or sufficient information to form a belief as to the remaining allegations in Paragraph 23 as it relates to all guaranteed investment contracts, and on that basis, denies those allegations. Defendants deny any remaining allegations in Paragraph 23.

24.     Defendants admit that Fidelity Management Trust Company served as the Trustee for some of the Plan's assets during the putative class period.  The remaining allegations purport to characterize written documents which speak for themselves. To the extent a response to those allegations is required, Defendants deny any characterizations that are contrary to the terms of those documents.  Defendants deny any remaining allegations in Paragraph 24.

**B.      The Defined Contribution Industry**

25.     Paragraph 25 asserts legal conclusions and arguments, and purports to characterize a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendants admit that Plaintiffs seek to quote a judicial decision, but deny any characterization contrary to the terms of ERISA or the text of such decision, and deny any remaining allegations in paragraph 25.

26.     Paragraph 26 asserts arguments and purports to characterize a written document that speaks for itself; therefore, no response to the allegations in Paragraph 26 is required.  To the extent a response is required, Defendants deny any characterization contrary to the terms of the cited Department of Labor publication, and deny any remaining allegations in Paragraph 26.

27.     Paragraph 27 asserts legal conclusions and arguments, and characterizes a written survey which speaks for itself; therefore, no response to Paragraph 27 is required.  To the extent a

response is required, Defendants deny any characterization contrary to the terms of the cited written survey and deny any remaining allegations in Paragraph 27.

**C.**    **Recordkeeping and Administrative Services**

28.    Defendants admit that recordkeeping and administrative service vendors can provide various services to defined contribution plans, including but not limited to some of the examples listed in Paragraph 28, and which may vary in scope, quality and caliber from recordkeeper to recordkeeper and from retirement plan to retirement plan.  Defendants deny that that recordkeeping and administrative services are always performed by a single provider. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 28 and, on that basis, deny them.  Except as admitted, Defendants deny any remaining allegations in Paragraph 28.

29.    Defendants admit only that Plaintiffs purport to define "recordkeeping" as a catchall term in Paragraph 29 for the entire suite of recordkeeping and administrative services that they allege are "typically provided" by a plan's service provider, but Defendants lack sufficient information or knowledge to admit or deny those allegations, on that basis, deny them. Defendants deny any remaining allegations in Paragraph 29.

30.    Defendants admit that recordkeepers can recover fees through direct or indirect compensation.  Defendants deny any remaining allegations in Paragraph 30.

31.    Defendants admit that direct compensation for recordkeeping can be paid from Plan assets, and that it can sometimes be reflected on participants' accounts as a deduction. Defendants deny any remaining allegations in paragraph 31.

32.    Paragraph 32 asserts arguments to which no response is required.  To the extent a response is required, Defendants admit that indirect compensation for recordkeeping is paid to the

recordkeeper by third-parties, and that it may be collected through asset-based revenue-sharing. Defendants deny the remaining allegations in Paragraph 32.

33.     Paragraph 33 asserts arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that Paragraph 34 describes certain examples of services that a recordkeeper can provide to retirement plans, which may vary in scope, quality and caliber from recordkeeper to recordkeeper and retirement plan to retirement plan.  Defendants deny any remaining allegations in Paragraph 34.

35.     Paragraph 35 asserts arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36.     Defendants admit that Paragraph 36 describes certain transactions that recordkeepers may provide to individual retirement plan participants.  Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 37 and, on that basis, deny them.

38.     Paragraph 38 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 38.

39.     Paragraph 39 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 39.

40.     Paragraph 40 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 40.

41.     Paragraph 41 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 41.

42.     Paragraph 42 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 42.

43.     Paragraph 43 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 43.

44.     Paragraph 44 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 44.

45.     Paragraph 45 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 45.

46.     Paragraph 46 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 46.

47.     Paragraph 47 asserts legal conclusions and arguments that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48.     Defendants admit that recordkeeping fees can be paid by participants at a flat per participant rate or pro rata based on participant account balances.  Defendants deny any remaining allegations in Paragraph 48.

**D.     <u>Defendants' Breaches of Fiduciary Duties</u>**

49.     Defendants deny the allegations in Paragraph 49.

**1.     The Plan's Excessive Recordkeeping/Administrative Costs**

50.     Paragraph 50 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.     In response to the first sentence in Paragraph 51, Defendants admit that during the period from January 2016 to present, certain participants paid Fidelity for recordkeeping fees through asset-based revenue sharing.  The remaining sentences in Paragraph 51 assert legal

conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 51.

52.      Defendants deny the allegations in Paragraph 52.

53.      Defendants deny the allegations in Paragraph 53.

54.      Defendants deny the allegations in Paragraph 54.

55.      Defendants deny the allegations in Paragraph 55.

56.      Defendants deny the allegations in Paragraph 56.

57.      Defendants deny the allegations in Paragraph 57.

58.      Defendants deny the allegations in Paragraph 58.

59.      Defendants deny the allegations in Paragraph 59.

**2.      The Plan's Investment in the Fidelity Freedom Funds**

60.      Defendants admit that the Plan lineup offered a suite of target date funds during the putative class period.  Defendants generally admit the allegations in Paragraph 60 regarding the general description of the structure of target date funds.  Defendants deny any remaining allegations in Paragraph 60.

61.      The first sentence of Paragraph 61 purports to characterize the contents of the Plan's Form 5500, which are written documents that speak for themselves.  To the extent a response is required as to those allegations. Defendants deny any allegation contrary to the terms of the Plan's Form 5500s.  Defendants lack sufficient information upon which to base a response to the allegations in the second sentence of Paragraph 61 and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 61.

62.      Paragraph 62 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 62.

11

63.     Paragraph 63 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     Paragraph 64 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants admit that the Fidelity Freedom Fund with the target year that is closest to a participant's assumed retirement age (65) serves as the QDIA in the Plan, and deny any remaining allegations in Paragraph 64.

65.     The first two sentences of Paragraph 65 assert legal conclusions and arguments to which no response is required.   To the extent a response is required, Defendants deny the allegations in the first two sentences of Paragraph 65.     In response to the third sentence of Paragraph 65, Defendants admit that approximately half of the Plan's assets were invested in the Plan's suite of target date funds as of December 31, 2020.  Defendants deny the remaining allegations in Paragraph 65.

        i.     The Active Suite is High-Risk and Unsuitable for Plan Participants

66.     Paragraph 66 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67.     Paragraph 67 asserts legal conclusions and arguments, and purports to characterize a secondary source that speaks for itself; therefore, no response to the allegations in Paragraph 67 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68.     Paragraph 68 asserts arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.     Paragraph 69 asserts arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70.     Paragraph 70 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants admit only that some of the funds listed

in the chart in Paragraph 70 had the inception dates reflected in the same chart. Except as admitted, Defendants deny the allegations in Paragraph 70.

71.    Paragraph 71 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72.    Paragraph 72 asserts arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.    Paragraph 73 asserts arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.    Paragraph 74 asserts arguments and purports to characterize secondary sources that speak for themselves; therefore, no response to the allegations in Paragraph 74 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75.    Paragraph 75 asserts arguments and purports to characterize a secondary source that speaks for itself; therefore, no response to the allegations in Paragraph 75 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.    Paragraph 76 is identical to paragraph 75, and asserts arguments and purports to characterize a secondary source that speaks for itself; therefore, no response to the allegations in Paragraph 76 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 76.

ii.    The Active Suite's Considerable Cost

77.    Paragraph 77 asserts arguments to which no response is required.  To the extent a response is required, Defendants admit only that the chart in Paragraph 77 reflects the expense ratios of some of the funds listed therein, but denies the remaining allegations in Paragraph 77.

78.    Paragraph 78 asserts arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 78.

13

iii    <u>Investors Have Lost Faith in the Active Suite</u>

79.    Paragraph 79 asserts arguments and purports to characterize secondary sources that speak for themselves; therefore, no response to the allegations in Paragraph 79 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79.

iv.    <u>The Active Suite's Inferior Returns</u>

80.    Paragraph 80 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81.    Paragraph 81 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.    Paragraph 82 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 82.

**3.    The Plan's Excessively Expensive Investment Menu**

83.    Paragraph 83 asserts legal arguments and purports to characterize secondary sources that speak for themselves; therefore, no response to the allegations in Paragraph 83 is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.    Paragraph 84 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants admit only that the chart listed in Paragraph 84 reflects the expense ratios of some of the funds listed in the chart but deny all of the listed ratios are correct, and deny the remaining allegations in Paragraph 84. Except as admitted, Defendants deny the allegations in Paragraph 84.

85.    Paragraph 85 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants admit that they offered several of the share classes Plaintiffs allege they should have offered, and deny the remaining allegations in Paragraph 85.

## V. ERISA'S FIDUCIARY STANDARDS

86.     Paragraph 86 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 86 purports to characterize the terms of ERISA but deny any characterization contrary to the terms of the statute.

87.     Paragraph 87 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 87 purports to characterize the terms of ERISA but deny any characterization contrary to the terms of the statute.  Defendants deny any remaining allegations in Paragraph 87.

88.     Paragraph 88 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 88 purports to characterize certain fiduciary responsibilities imposed under ERISA but deny any characterization contrary to the terms of the statute.  Defendants deny any remaining allegations in Paragraph 88.

89.     Paragraph 89 asserts legal conclusions and quotes a judicial decision which speaks for itself; therefore no response is required.  To the extent a response is required, Defendants admit that Paragraph 89 seeks to quote a judicial decision, but deny any characterization contrary to the terms of ERISA or the text of such decision.  Defendants deny any remaining allegations in Paragraph 89.

90.     Paragraph 90 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 90 purports to characterize the terms of ERISA but deny any characterization contrary to the terms of the statute.  Defendants deny any remaining allegations in Paragraph 90.

91.     Paragraph 91 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 91 purports to characterize the

terms of ERISA but deny any characterization contrary to the terms of the statute.  Defendants deny any remaining allegations in Paragraph 91.

## VI.  CLASS ALLEGATIONS

92.    Defendants admit that Plaintiffs purport to sue on behalf of the class defined in Paragraph 92 but deny that class treatment is appropriate.  Defendants deny any remaining allegations in Paragraph 92.

93.    Paragraph 93 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93 and deny that class treatment is appropriate.

94.    Paragraph 94 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94 and deny that class treatment is appropriate

95.    Paragraph 95 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95, including its subparts, and deny that class treatment is appropriate.

96.    Paragraph 96 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96 and deny that class treatment is appropriate.

97.    Paragraph 97 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97 and deny that class treatment is appropriate.

98.      Paragraph 98 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98 and deny that class treatment is appropriate.

99.      Paragraph 99 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99 and deny that class treatment is appropriate.

100.     Paragraph 100 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 100 and deny that class treatment is appropriate.

101.     Paragraph 101 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101 and deny that class treatment is appropriate.

102.     Defendants deny the allegations in Paragraph 102.

103.     Paragraph 103 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 103 and deny that class treatment is appropriate.

104.     Defendants deny the allegations in Paragraph 104.

## COUNT I
### (For Breach of Fiduciary Duty)

105.     Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants deny the allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

109.     Defendants deny the allegations in Paragraph 109.

## COUNT II
**(Failure to Monitor Fiduciaries and Co-Fiduciary Breaches)**

110.     Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein.

111.     Paragraph 111 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Board of Directors of the Children's Hospital Corporation appoints the "physician representative" to the Boston Children's Hospital Retirement Committee, and that this and other appointments are made consistent with the Committee's Charter.  Defendants deny Plaintiffs' allegations regarding the responsibilities of the "Administrative Committee" with respect to the "Committee," in part because Plaintiffs have defined those two terms such that they refer to the same entity (see supra ¶ 1.)  Defendants deny the remaining allegations in Paragraph 111.

112.     Paragraph 112 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant deny the allegations in Paragraph 112.

113.     Paragraph 113 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant deny the allegations in Paragraph 113.

114.     Paragraph 114 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant deny the allegations in Paragraph 114.

115.     Defendants deny the allegations in Paragraph 115, including its subpart.

116.     Defendants deny the allegations in Paragraph 116.

117.     Defendants deny the allegations in Paragraph 117.

118.     Defendants deny the allegations in Paragraph 118.

## COUNT III
### (In the Alternative, Liability for Knowing Breach of Trust)

119.    Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

## PRAYER FOR RELIEF

Defendants deny the allegations set forth in each and every paragraph of the Prayer for Relief, deny that Plaintiffs are entitled to the relief sought in each and every paragraph of the Prayer for Relief, and deny that Plaintiffs are entitled to any relief whatsoever, on behalf of themselves any other person(s), or the Plan.

\*        \*        \*

Defendants deny all other allegations of Plaintiffs' Complaint that were not previously admitted or otherwise responded to.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs, and while expressly denying any and all wrongdoing, Defendants assert the following defenses to the Complaint:

## FIRST DEFENSE

One or more of the Defendants are not, or were not acting as, fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1102(21)(A), with respect to certain conduct alleged by Plaintiffs.

## SECOND DEFENSE

The claims of Plaintiffs and the members of the putative class against Defendants are

barred in whole or in part by the applicable statutes of repose or limitations, including but not limited to ERISA § 413, 29 U.S.C. § 1113.

### THIRD DEFENSE

The claims of Plaintiffs and/or other members of the putative class are barred, in whole or in part, by their lack of standing.

### FOURTH DEFENSE

Defendants are relieved of any alleged liability based on the Plan's participants' exercise of control over their individual accounts pursuant to ERISA § 404(c), 29 U.S.C. § 1104(c), and/or because neither the Plaintiffs, the Plan, nor anyone else suffered a loss as a result of the actions or inactions of Defendants under ERISA § 404(c).

### FIFTH DEFENSE

The claims of Plaintiffs and/or any other members of the putative class who have executed a waiver or release of claims against any or all of the Defendants may be barred by that waiver or release of claims.

### SIXTH DEFENSE

Any losses alleged by Plaintiffs were not caused by any alleged breach of fiduciary duty by Defendants, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a) and elsewhere, but resulted from economic causes and events not related to any alleged breaches of fiduciary duty and from matters over which Defendants had no control.

### SEVENTH DEFENSE

Defendants engaged in a prudent process to select and monitor the Plan's investment options and fees.

**EIGHTH DEFENSE**

The Plan's investments and fees were substantively/objectively prudent.

**NINTH DEFENSE**

The fees associated with the Plan were reasonable and properly disclosed.

**TENTH DEFENSE**

A hypothetical prudent fiduciary would have selected the same investment options and negotiated similar recordkeeping fees.

**ELEVENTH DEFENSE**

Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b).

**TWELFTH DEFENSE**

Plaintiffs proximately caused, contributed to, or have failed to mitigate any and all losses claimed by them.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

**FOURTEENTH DEFENSE**

Plaintiffs' claims, and those of the putative class members, are barred, in whole or in part, because the Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2) and because it seeks relief that is not "other equitable relief" available under ERISA § 502(a)(3).

## FIFTEENTH DEFENSE

The Defendant, The Children's Hospital Corporation d/b/a Boston Children's Hospital states that at all times material hereto The Children's Hospital Corporation was a charitable corporation whose liability is limited by the terms of M.G.L. c. 231, § 85K.

*        *        *

WHEREFORE, having answered Plaintiffs' Complaint in its entirety, Defendants pray for judgment as set forth below:

a.    An order dismissing the remaining claims with prejudice;

b.    An order awarding costs to Defendants; and

c.    Any such other and further relief as the Court deems just and proper.

Dated:  April 19, 2023                          Respectfully submitted,

                                               MORGAN, LEWIS & BOCKIUS LLP


                                               By: /s/ *Keri L. Engelman*
                                               Keri L. Engelman (BBO #704360)
                                               Joshua M. Adler (BBO# 706905)
                                               One Federal Street
                                               Boston, MA  02110-1726
                                               Tel:  (617) 341-7828
                                               Fax:  (617) 341-7701
                                               keri.engelman@morganlewis.com
                                               joshua.adler@morganlewis.com

                                               Jeremy P. Blumenfeld (admitted *pro hac vice*)
                                               1701 Market Street
                                               Philadelphia, PA  19103
                                               Tel:  (215) 963-5000
                                               Fax:  (215) 963-5001
                                               jeremy.blumenfeld@morganlewis.com

                                               Stephanie R. Reiss (admitted *pro hac vice*)
                                               One Oxford Centre, 32nd Fl.

Pittsburgh, PA  15219
Tel:  (412) 560-3378
Fax:  (412) 560-7001
stephanie.reiss@morganlewis.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 19th day of April 2023, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keri L. Engelman*
Keri L. Engelman
