IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, Individually and as representatives of a class of similarly situated persons, on behalf of the CHILDREN'S HOSPITAL CORPORATION TAX-DEFERRED ANNUITY PLAN,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown,<br><br>    Defendants. | Case No: 1:22-cv-10069<br><br>Leave to File Granted on May 8, 2023, ECF No. 64 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO CERTIFY INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## **TABLE OF CONTENTS**

                                                               **Page**

TABLE OF AUTHORITIES ................................................................................................. i

ARGUMENT ........................................................................................................................ 1

I.      The Order Involves A Controlling Question Of Law ............................................... 1

          A.      The Order Presents A Question Of Law. ................................................... 1

          B.      The Question Of Law Presented By The Order Is Controlling. ............................. 3

          C.      Review Is Also Warranted Because The Order Presents An Important Issue That Has Evaded First Circuit Review. ........................................................... 4

II.     There Are Grounds For A Substantial Difference Of Opinion On This Legal Question ................................................................................................................... 6

III.    An Immediate Appeal Would Materially Advance The Ultimate Termination Of The Litigation. ......................................................................................................... 8

CONCLUSION .................................................................................................................... 10

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................2

*Barchock v. CVS Health Corp.*,
  886 F.3d 43 (1st Cir. 2018)..........................................................................................2, 3, 4, 6

*Brown v. MITRE Corp.*,
  No. 22-CV-10976-DJC, 2023 WL 2383772 (D. Mass. Mar. 6, 2023) ......................................7

*Corban v. Sarepta Therapeutics, Inc.*,
  868 F.3d 31 (1st Cir. 2017)........................................................................................................2

*Fifth Third Bancorp v. Dudenhoeffer*,
  573 U.S. 409 (2014)..................................................................................................................9

*Godin v. Schencks*,
  629 F.3d 79 (1st Cir. 2010).......................................................................................................2

*Hughes v. Nw. Univ.*,
  142 S. Ct. 737 (2022).......................................................................................................1, 2, 7

*Hughes v. Nw. Univ.*,
  63 F.4th 615 (7th Cir. 2023) .....................................................................................................7

*In re Text Messaging Antitrust Litig.*,
  630 F.3d 622 (7th Cir. 2010) ....................................................................................................3

*Norton v. Mass General Brigham Inc.*,
  No. 1:22-cv-10045-AK (D. Mass.), ECF No. 69..................................................................6, 8

*SEC v. Rocklage*,
  No. 05-CV-10074-MEL, 2005 WL 8175998 (D. Mass. Dec. 14, 2005) ..................................3

*St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
  712 F.3d 705 (2d Cir. 2013)......................................................................................................9

*Waters v. Day & Zimmermann NPS, Inc.*,
  No. CV 19-11585-NMG, 2020 WL 4754984 (D. Mass. Aug. 14, 2020) .................................4

# TABLE OF AUTHORITIES

**Page(s)**

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................................................. passim

ERISA ....................................................................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 2, 9

In accordance with this Court's May 8, 2023 order (ECF No. 64), Defendants submit this reply in support of their motion (ECF Nos. 59 & 60) requesting that the Court certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).[1]

## ARGUMENT

This Court should certify the Order for interlocutory review because all three statutory requirements are satisfied and the Opposition (ECF No. 62) fails to show otherwise. *See* 28 U.S.C. § 1292(b) (providing for interlocutory review when an "order involves a [1] controlling question of law [2] as to which there is substantial ground for difference of opinion [3] and that an immediate appeal from the order may materially advance the ultimate termination of the litigation"). Plaintiffs contend that none of the § 1292(b) requirements is satisfied, but they mischaracterize both the law on the pleading-standard question and Defendants' arguments for interlocutory review.

### I. The Order Involves A Controlling Question Of Law.

Plaintiffs argue that the first factor is not satisfied because: (1) "Defendants challenge the Court's application of the well-established, fact-based and context-driven pleading standard for fiduciary breach claims, which is not a 'question of law,'" and (2) "reversal of the Order would not … terminate the action." Opp'n at 6, 9. Plaintiffs are wrong on both points.

#### A. The Order Presents A Question Of Law.

In arguing that the pleading-standard issue is not a question of law, Plaintiffs emphasize the Supreme Court's guidance that, in evaluating an ERISA fiduciary-duty claim, "the appropriate inquiry will necessarily be context specific." *Hughes v. Nw. Univ.*, 142 S. Ct. 737, 742 (2022) (quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014)); *see also* Opp'n 6-7.

---

[1] Defined terms in this reply have the same meaning as set forth in Defendants' memorandum (ECF No. 60) (the "Memorandum" or "Mem.").

That the pleading standard is context-specific does not mean that the content of that pleading standard is a factual question. As countless decisions recite, "Rule 12(b)(6) serves to provide a mechanism to test the sufficiency of the complaint." *Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010). In evaluating whether a plaintiff states a claim under Rule 12(b)(6), a court examines "the sufficiency of the pleading *as a matter of law*." *Corban v. Sarepta Therapeutics, Inc.*, 868 F.3d 31, 34 (1st Cir. 2017) (emphasis added). This is a legal determination—"evaluating the sufficiency of a complaint is not a 'fact-based' question of law." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009); *see also Hughes*, 142 S. Ct. at 742 (citing *Iqbal*); Opp'n at 7 (citing *Iqbal*).

Consistent with this longstanding guidance, the pleading standard for ERISA fiduciary-breach claims is a question of law, even if courts have reached different conclusions about precisely what the standard requires. Plaintiffs cite *Hughes*, but the Supreme Court's decision in that case confirms that the proper pleading standard for ERISA fiduciary-breach claims is a question of law. *See* Mem. at 8 (noting that the Supreme Court granted a writ of certiorari in *Hughes* to address this pleading standard, although the Court did not fully resolve the issue). Similarly, the First Circuit has treated, as a legal question, the question of the proper pleading standard for ERISA fiduciary-duty claims, but also has not fully resolved this issue. *Barchock v. CVS Health Corp.*, 886 F.3d 43, 52, 55 (1st Cir. 2018) (noting whether "a complaint states a claim of imprudence under ERISA" is "context specific" and analyzing whether certain "hindsight" allegations were sufficient to state a claim of imprudence); *see also* Mem. at 8.

Strangely, after dedicating many paragraphs to arguing that this ERISA pleading-standard issue does not present a question of law, the Opposition abruptly backtracks, stating that "while the proper pleading standard for ERISA fiduciary-breach claims *may be a question of law*, it is well-settled." Opp'n at 7 (emphasis added). But this question is far from settled, as Defendants'

survey of authorities across jurisdictions demonstrates. Mem. at 12-18 (summarizing courts' different holdings in evaluating motions to dismiss similar ERISA fiduciary-breach claims).

After conceding that this pleading-standard issue is a legal question after all, Plaintiffs pivot to mischaracterize Defendants as challenging "the weight the Court assigned the allegations in the Complaint." Opp'n at 7. That too is incorrect. Defendants are not challenging "the application of law to facts," as Plaintiffs suggest. Opp'n at 8. Defendants are seeking clarification on the pleading standard that the Court applied. That is why they are requesting interlocutory review of it so that the First Circuit may clarify the pleading-standard issue for this and other cases. And Plaintiffs do not argue—nor could they—that this issue is settled in the First Circuit, underscoring that Defendants are not challenging the Court's application of a settled legal standard. *Cf.* ECF No. 29 (arguing, in opposing Defendants' motion to dismiss, that *Barchock* is "readily distinguishable" from this case).

Finally, Plaintiffs suggest that interlocutory review is unavailable for an order denying a motion to dismiss. Opp'n at 8. Not so: "[M]otions to dismiss based on the failure to state a claim present quintessential controlling questions of law for the purpose of § 1292(b)." *SEC v. Rocklage*, No. 05-CV-10074-MEL, 2005 WL 8175998, at *2 (D. Mass. Dec. 14, 2005) (certifying § 1292(b) appeal). That this question of law concerns a pleading standard only strengthens the argument for interlocutory review. *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) ("Decisions holding that the application of a legal standard is a controlling question of law within the meaning of section 1292(b) are numerous.").

**B.     The Question Of Law Presented By The Order Is Controlling.**

Plaintiffs also fail to rebut Defendants' argument that this pleading-standard question is "controlling" because the First Circuit's review could terminate this litigation entirely or at least significantly narrow Plaintiffs' claims and streamline this litigation. 28 U.S.C. § 1292(b).

3

Plaintiffs' only response is to assume that, if the Order were reversed, "Plaintiffs would be provided leave to amend the Complaint to address any ostensible factual deficiencies." Opp'n at 9. This argument falls short for two reasons. First, Plaintiffs would need to seek leave to amend, and they are wrong to assume that the pleading deficiencies would be curable so as to justify amendment—especially if the First Circuit adopts the more rigorous pleading standard imposed by other circuits. Second, Plaintiffs do not acknowledge Defendants' point that the First Circuit's review could narrow significantly Plaintiffs' claims and streamline this litigation, even if it does not entirely terminate it. That is enough to establish a "controlling" question of law. *See* Mem. 9-10; *see also Waters v. Day & Zimmermann NPS, Inc.*, No. CV 19-11585-NMG, 2020 WL 4754984, at *2 (D. Mass. Aug. 14, 2020) (explaining that a question of law is "controlling … if reversal would dramatically alter the scope of the case").

### C. Review Is Also Warranted Because The Order Presents An Important Issue That Has Evaded First Circuit Review.

Plaintiffs also attack the other considerations that support certifying an interlocutory appeal, contending that this pleading-standard issue lacks broader importance and this issue will not evade appellate review. Opp'n at 15-17. Plaintiffs miss the mark on both points.

In response to Defendants' argument about the importance of the pleading-standard issue, Plaintiffs change topics and assert that "the pleading standard for fiduciary breach claims is well-established and not disputed." Opp'n at 15. This blanket assertion is incorrect, as already explained. The First Circuit has not definitively resolved this pleading-standard issue, as both the Court and Plaintiffs have implicitly acknowledged. *See* Order (omitting mention of any First Circuit authority on the pleading standard for ERISA fiduciary-duty claims); *see also* ECF No. 29 (arguing, in opposing Defendants' motion to dismiss, that *Barchock* is "readily distinguishable"). Plaintiffs' prediction that the First Circuit's guidance on this question "would have minimal impact

4

on other cases" is baseless. To the contrary, a First Circuit decision would control the dismissal standard in this and future ERISA cases, which are on the increase in this Circuit. Looking beyond the First Circuit, courts have come to different conclusions as to what the pleading standard requires. Mem. at 12-18 (surveying case law across jurisdictions on the specific issues presented in this case). So this pleading-standard is certainly not "well-established," let alone "not disputed." Opp'n at 15.[2] Indeed, the Court need look no further than this case to realize that this pleading-standard question is heavily disputed.

Plaintiffs also bristle at Defendants' observation that a torrent of ERISA litigation in recent years demonstrates the importance of this issue, but notably, do not contest the accuracy of this fact. *See* Opp'n at 16. Rather, Plaintiffs contend "that retirement plan formation has increased[,] not decreased[,] in recent years." Opp'n at 16 (emphasis deleted). While Plaintiffs recognize that litigation involving retirement plans (such as this one) will remain important for years to come, they resort again to labelling this issue "irrelevant." Not so. Courts may consider an issue's wider practical importance in considering § 1292(b) certification, and this Court should too. *Id*. at 16; *see supra*, n.2.

Rather than dispute Defendants' argument that interlocutory review is needed to create an opportunity for First Circuit review, Plaintiffs contend that this argument "implicitly and troublingly impugn[s] the ability of the Court and other district courts in the Circuit to" evaluate motions to dismiss these claims. Opp'n at 16. This rejoinder ignores that the current trend among the Circuit's district courts consistently allows complaints that would fail scrutiny in other circuits to proceed to discovery here. Plaintiffs prove the point by noting that other circuits have reviewed

---

[2] Plaintiffs try to portray this and other arguments as "irrelevant" (Opp'n at 15), but Defendants already explained, in reciting the background law, why these considerations may inform the § 1292(b) analysis. Mem. at 10.

the pleading-standard question—because district courts within those circuits, unlike here, have granted motions to dismiss under less forgiving pleading standards. Opp'n at 17.[3]

Finally, Plaintiffs do not dispute that the First Circuit could review the proper pleading standard for imprudence claims "without extensive consultation to the record" because, at this early stage of litigation, there is little record to consult. Mem. at 8 (quoting *Meijer, Inc. v. Ranbaxy Inc.*, 245 F. Supp. 3d 312, 315 (D. Mass. 2017). Plaintiffs' lack of any counterargument on this point underscores that this consideration, as with the controlling-question-of-law factor as a whole, strongly supports interlocutory review.

## II. There Are Grounds For A Substantial Difference Of Opinion On This Legal Question.

Plaintiffs ignore much of Defendants' argument on the second factor, instead pretending that the pleading standard is uniform across jurisdictions. *See* Opp'n 10, 14. But Plaintiffs are wrong, and they ignore much of Defendants' argument that there is substantial difference of opinion because: (1) the First Circuit has not definitively resolved this pleading-standard question issue; and (2) courts of appeals and district courts nationwide have split on it.

To start, Plaintiffs do not contest that "[t]he Court's view that *Barchock* has not definitively resolved the pleading standard under ERISA strongly supports certifying interlocutory review here." Mem. at 13; *see also* Order (omitting mention of any First Circuit authority on the pleading standard for ERISA claims); *Norton v. Mass General Brigham Inc.*, No. 1:22-cv-10045-AK (D. Mass.), ECF No. 69 (describing "the absence of First Circuit authority that directly addresses the question" of the applicable pleading standard). To the contrary, Plaintiffs acknowledge that the

---

[3] As their briefing made clear, Defendants argued that this pleading-standard issue "has evaded review *by the First Circuit*." Mem. at 11 (emphasis added). Plaintiffs mischaracterize this point in response, offering the straw-man argument that "the pleading standard has clearly not 'evaded review' of *appellate courts*." Opp'n at 17 (emphasis added). By avoiding Defendants' actual argument, Plaintiffs reveal that they have no answer.

6

First Circuit has "not yet" definitively provided the governing pleading standard. Opp'n at 17. The fact that the First Circuit has not offered controlling guidance on the proper pleading standard—as Plaintiffs concede—supports interlocutory review.

Plaintiffs also misread Defendants' many authorities showing a substantial ground for a difference of opinion on the pleading-standard question. *See* Opp'n at 10-14. In the Memorandum, Defendants surveyed the law across jurisdictions on the discrete issues presented in this case. Mem. 12-18. In response, Plaintiffs largely ignore that survey. They instead assert that, "as a general matter, although allegations of excessive fees or underperformance may not always be sufficient to support a claim of imprudence, allegations of additional indicia of imprudence and support for the comparisons drawn is sufficient." Opp'n at 10. But this assertion ignores what Defendants explained in detail: Courts have dealt with similar claims, based on essentially identical allegations (sometimes involving the exact same retirement funds), in different ways. Mem. 12-18. This is not applying "a uniform pleading standard to different factual scenarios," as Plaintiffs suggest. Opp'n at 14. This shows some courts demanding more and some courts allowing less when evaluating the legal sufficiency of ERISA fiduciary-duty claims. And contrary to Plaintiffs' suggestion, the Supreme Court's statement that a court's review of ERISA claims must be "context specific" hardly settles, once and for all, the contours of what the pleading standard demands. *Hughes*, 142 S. Ct. at 742; *see also Hughes v. Nw. Univ.*, 63 F.4th 615, 623 (7th Cir. 2023) (discussing, on remand, the scope of the Supreme Court's decision).

Defendants are not alone in noting that courts have applied different pleading standards to the same or similar ERISA claims. *See, e.g.*, *Brown v. MITRE Corp.*, No. 22-CV-10976-DJC, 2023 WL 2383772, at *1 (D. Mass. Mar. 6, 2023) (acknowledging split of authority on pleading-standard issue but allowing ERISA fiduciary-duty claims to proceed, noting "[a]lthough there are

rulings from other Circuits to consider, the First Circuit has not 'foreclosed plaintiffs' complaint.'"). In fact, in another case, this Court recognized the split of authority as well. *See Norton*, ECF No. 69 (denying motion to dismiss recordkeeping claim, declining to follow "cases from other circuits in which claims of a breach of prudence based on excessive recordkeeping fees required more precise factual allegations to demonstrate that the services of the comparator plans are like the plan at issue" and concluding it was instead "persuaded by the trend within the First Circuit's district courts of allowing similar complaints to survive motions to dismiss and proceed to discovery"). This further illustrates that Plaintiffs misdescribe the law as showing courts applying "a uniform pleading standard to different factual scenarios." Opp'n at 14.

In sum, Defendants argued that there are substantial grounds for a difference of opinion on the proper pleading standard because: (1) the Order perceived an absence of controlling First Circuit authority on this point; and (2) courts of appeals and district courts nationwide have split on it. Plaintiffs fail to offer any real response to the first argument. As for the second argument, Plaintiffs pretend that courts all apply the same pleading standard to ERISA fiduciary-duty claims. But Plaintiffs' blanket assertion is contradicted by a case-by-case review of the background law (Mem. 12-18) and provides no basis to deny interlocutory review.

### III. An Immediate Appeal Would Materially Advance The Ultimate Termination Of The Litigation.

Plaintiffs also err in arguing that an interlocutory appeal would not materially advance the ultimate termination of this litigation. They do not address this third factor in isolation, but instead, fold their argument on this point into the discussion of the "controlling issue of law." 28 U.S.C. § 1292(b); *see also* Opp'n at 2, 9. For the reasons already discussed, Plaintiffs' argument is misguided and this factor supports interlocutory appeal. *See supra*, § I(B).

8

Plaintiffs also pay short shrift to Defendants' argument that "an interlocutory appeal could avoid the need to engage in time-consuming and costly discovery," a concern that "is particularly acute here because discovery in ERISA litigation is often especially burdensome." Mem. at 19. Plaintiffs contend that "the Supreme Court addressed this objection and entrusted this Court and others [to apply] the context-driven pleading standard." Opp'n 17. As Defendants noted, however, it is well-recognized that ERISA suits pose particularly "ominous" discovery burdens, "potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times." *St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013). For that reason, the Supreme Court has been mindful of "the threat of costly duty-of-prudence lawsuits" and emphasized that Rule 12(b)(6) is an "important mechanism for weeding out meritless [ERISA] claims." *Dudenhoeffer*, 573 U.S. at 423-25. That the Supreme Court has expressly identified both the unique discovery burdens imposed in ERISA suits and the importance of Rule 12(b)(6) motions to combat those burdens is all the more reason for the First Circuit to clarify the applicable pleading standard. This factor, like the others, supports interlocutory review.[4]

---

[4] Jumping beyond the three-part § 1292(b) inquiry, Plaintiffs contends that "Defendants are seeking leave to petition the First Circuit to adopt bright line rules on pleading excessive fee fiduciary breach claims." Opp'n at 14. Not so. If this Court certifies interlocutory appeal, Defendants will do what their Memorandum states: Ask the First Circuit to clarify the requirements for pleading a legally sufficient breach-of-fiduciary-duty claim under ERISA. Mem. at 1. In doing so, Defendants will ask the Court to follow the lead of those courts that have applied a more rigorous standard for these claims, including by requiring plaintiffs to allege proper comparators, as opposed to merely cherry-picking a handful of the thousands of plans or investment funds and purporting to use those drop-in-the-bucket samples as benchmarks. *Id*. at 15-17. Similarly, Defendants would also ask the First Circuit to reject a categorical rule that ERISA plaintiffs state a sufficient claim merely by alleging that a plan offered retail rather than institutional share classes. *Id*. Of course, Defendants will address all these points and others in briefing if this Court certifies an appeal. But it bears noting that Plaintiffs again resort to overstatement and mischaracterization in describing the relief that they contend Defendants would seek.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court certify its Order for interlocutory review.

Dated:  May 19, 2023                                      Respectfully submitted,

                                                                              MORGAN, LEWIS & BOCKIUS LLP


                                                                              By: /s/ *Keri L. Engelman*
                                                                              Keri L. Engelman (BBO #704360)
                                                                              One Federal Street
                                                                              Boston, MA  02110-1726
                                                                              Tel:  (617) 341-7828
                                                                              Fax:  (617) 341-7701
                                                                              keri.engelman@morganlewis.com

                                                                              Jeremy P. Blumenfeld
                                                                              1701 Market Street
                                                                              Philadelphia, PA 19103
                                                                              Tel:  (215) 963-5000
                                                                              Fax:  (215) 963-5001
                                                                              jeremy.blumenfeld@morganlewis.com

                                                                              Stephanie R. Reiss (*pro hac vice forthcoming*)
                                                                              One Oxford Centre, 32nd Fl.
                                                                              Pittsburgh, PA  15219
                                                                              Tel:  (412) 560-3378
                                                                              Fax:  (412) 560-3700
                                                                              stephanie.reiss@morganlewis.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of May, 2023 I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                                                  /s/ *Keri L. Engelman*
                                                                  Keri L. Engelman