IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADILSON MONTEIRO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHILDREN'S HOSPITAL CORPORATION, *et al.*, <br><br> Defendants. | Case No.: 1:22-cv-10069-MJJ |

**LOCAL RULE 16.1 JOINT SCHEDULING STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, the Parties to the above-entitled Action have conferred and hereby jointly submit their summary of the case and proposed pretrial discovery schedule.

A. **SUMMARY OF THE CASE**

1. **Plaintiffs' Statement**

Plaintiffs assert claims against Defendants for breaches of fiduciary duty under ERISA, 29 U.S.C. § 1001 *et seq.*, and related violations. Specifically, Plaintiffs allege that Defendants breached fiduciary duties they owed to the Children's Hospital Corporation Tax-Deferred Annuity Plan ("Plan") during the relevant period by: (1) failing to appropriately monitor and consequently maintaining the Fidelity Freedom Funds in the Plan instead of readily-available prudent alternative investments; and (2) causing the Plan to pay excessive recordkeeping and administrative fees. Indeed, the Court has denied Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint in its entirety, ruling that Plaintiffs have sufficiently established standing to pursue their claims at this juncture, and that Plaintiffs have plead sufficient factual allegations

to state plausible claims that Defendants breached fiduciary duties owed to the Plan and/or have derivative liability for the underlying misconduct alleged. *See* Dkt. No. 56. As a result of these fiduciary breaches, Plaintiffs claim that Defendants have caused millions of dollars of losses to the Plan. To remedy Defendants' breaches of fiduciary duty, Plaintiffs, individually and on behalf of the Plan and all similarly-situated participants and beneficiaries of the Plan, seek to recover all resulting losses. In addition, Plaintiffs seek such other equitable or remedial relief for the Plan as the Court may deem appropriate and just under all the circumstances.

### 2. Defendants' Statement

Defendants deny that they breached any fiduciary duties they owed to the Children's Hospital Corporation Tax-Deferred Annuity Plan ("Plan") during the relevant period. Defendants are confident that discovery will demonstrate that Defendants appropriately monitored the Plan investments and recordkeeping fees, and that the recordkeeping amounts paid to Fidelity, along with the decisions to maintain the Fidelity Freedom Funds in the Plan, and use some higher cost share-classes to fund the recordkeeping fees through revenue sharing, fell well within the range of reasonable judgments a fiduciary may make.

### B.     **PROPOSED DISCOVERY PLAN**

Plaintiffs anticipate that discovery will be needed on the following subjects: (1) the investments selected and/or considered for inclusion in the Plan, including the criteria used and process by which Defendants selected and retained investments in the Plan; (2) the costs, expenses, and performance of the Plan's investment options; (3) the procedural and substantive prudence of Defendants with respect to the administration and operation of the Plan and the expenses related thereto; (4) information regarding the monitoring of fees, expenses, costs, or charges paid to the Plan's investment and service providers, including any benchmarking,

bidding, and negotiation for such investments and services; (5) information regarding the payment of revenue sharing and/or similar indirect compensation by the Plan to service providers, mutual funds, investment advisors and/or other sponsors of investments offered in the Plan; and (6) the damages and other relief sought by Plaintiffs.

Defendants anticipate that discovery will be needed on the following subjects: (1) Plaintiffs' basis for alleging the Fidelity Freedom Fund investments offered by the Plan were imprudent, (2) Plaintiffs' basis for alleging that the fees, costs and/or charges paid to the Plan's recordkeeper were excessive, (3) Plaintiffs' basis for alleging that using higher cost share classes with revenue sharing that was used to fund recordkeeping fees was imprudent and (4) the damages and other relief sought by Plaintiffs.

The parties agree that discovery should be conducted in two phases: (1) fact discovery; and (2) expert discovery. The parties have agreed to the following proposed discovery plan:

| Event | Deadline |
|---|---|
| Opening of Discovery | September 1, 2023 |
| Both Parties to serve Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | September 15, 2023 |
| Parties to amend pleadings (including to serve or join new parties) | January 1, 2024 |
| Parties to serve Discovery Requests (including requests for production of documents, interrogatories, and requests for admissions) | October 1, 2023 |
| Closing of Fact Discovery | June 3, 2024, or approximately 240 days after the opening of Discovery |
| Plaintiffs to move for Class Certification | June 17, 2024, or approximately 14 days after the closing of Fact Discovery |
| Any opposition to Plaintiffs' Motion for Class Certification | July 8, 2024, or 21 days after the deadline for Plaintiffs to move for Class Certification |

| | |
|---|---|
| Any reply to opposition to Plaintiffs' Motion for Class Certification | July 22, 2024, or 14 days after the deadline for any opposition to Plaintiffs' Motion for Class Certification |
| Parties to serve affirmative Expert Reports | July 3, 2024, or approximately 30 days after the closing of Fact Discovery |
| Parties to serve rebuttal Expert Reports | August 2, 2024, or approximately 30 days after the deadline for serving affirmative Expert Reports |
| Closing of Expert Discovery | September 16, 2024, or approximately 45 days after the deadline to serve rebuttal Expert Reports |
| Parties to file dispositive motions and *Daubert* motions | October 16, 2024, or approximately 30 days after the closing of Expert Discovery |
| Parties to oppose dispositive motions and *Daubert* motions | November 15, 2024, or approximately 30 days after the deadline for filing dispositive motions and *Daubert* motions |
| Moving Parties to reply in support of their summary judgment motions | December 6, 2024, or approximately 21 days after the deadline for opposing summary judgment motions |
| Final Pretrial Conference | On or after January 6, 2025 |

## C.    OTHER AGENDA ITEMS

The parties have reached agreements on the following items:

**Discovery limits:** The parties agree to meet and confer if more discovery than permitted by the current limitations on discovery under the Federal Rules or Local Rules is necessary. The parties agree to comply with the time limits imposed on depositions pursuant to Fed. R. Civ. P. 30.

**Location of depositions:** The parties agree to meet and confer as to the location of all depositions at the time they are noticed.

**Electronic discovery:** In light of the fact that the discovery of electronically stored information will be necessary in this case, the parties will meet and confer concerning a protocol for the treatment of electronically stored information.

**Trade secret or proprietary information:** In light of the fact that disclosure of confidential Personal information, trade secrets, proprietary and other confidential commercial information may become necessary in this case, the parties will jointly submit a proposed protective order for the Court's approval.

### D. SETTLEMENT DEMAND

As required by the Local Rule 16.1(c), Plaintiffs provided Defendants with a written settlement demand by August 8, 2023.

### E. MAGISTRATE JUDGE

Pursuant to Local Rule 16.1 (B)(3), the parties do not consent to trial by magistrate judge at this time.

Dated: August 24, 2023                                  Respectfully submitted,

*/s/ John C. Roberts*                                   */s/ Jeremy Blumenfeld*
John C. Roberts                                         Jeremy Blumenfeld
Alec J. Berin                                           Morgan, Lewis & Bockius, LLP
Miller Shah LLP                                         1701 Market Street
1845 Walnut Street, Suite 806                           Philadelphia, PA 19103-2921
Philadelphia, PA 19103                                  Telephone: (215) 963-5258
Telephone: (866) 540-5505                               Email: jeremy.blumenfeld@morganlewis.com
Facsimile: (866) 300-7367
Email: jcroberts@millershah.com                         Keri L. Engelman
      ajberin@millershah.com               Morgan, Lewis & Bockius, LLP
                                                        One Federal Street
James E. Miller                                         Boston, MA 02110
Laurie Rubinow                                          Telephone: (617) 341-7700
Miller Shah LLP                                         Email: keri.engelman@morganlewis.com
65 Main Street
Chester, CT 06412                                       Stephanie Rosel Reiss
Telephone: (866) 540-5505                               Morgan, Lewis & Bockius, LLP
Facsimile: (866) 300-7367                               One Oxford Center, Floor 32

Email: jemiller@millershah.com
lrubinow@millershah.com

James C. Shah
Kolin C. Tang
Miller Shah LLP
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
kctang@millershah.com

Donald R. Reavey
Capozzi Adler, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

Mark K. Gyandoh
Capozzi Adler, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

John J. Roddy
Bailey & Glasser LLP
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954
Email: jroddy@baileyglasser.com

*Attorneys for Plaintiffs, the Plan, and the Proposed Class.*

Pittsburgh, PA 15219
Telephone: (412) 560-3300
Email: stephanie.reiss@morganlewis.com

*Attorneys for Defendants.*

## **CERTIFICATION PURSUANT TO L.R. 16.1(d)(3)**

I hereby certify that the Parties conferred pursuant to L.R. 16.1(d)(3) on April 14, 2023 and August 22, 2023.

*/s/ John C. Roberts*
John C. Roberts

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2023, a true and correct copy of the foregoing Local Rule 16.1 Joint Scheduling Statement was electronically filed with the Clerk of the Court using the CM/EFC system to notify all counsel of record of such filing.

/s/ *John C. Roberts*
John C. Roberts