# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---

ADILSON MONTEIRO, KAREN
GINSBURG, JASON LUTAN, and
BRIAN MINSK, Individually and as
representatives of a class of similarly
situated persons, on behalf of the
CHILDREN'S HOSPITAL
CORPORATION TAX-DEFERRED
ANNUITY PLAN,

               Plaintiffs,

v.

THE CHILDREN'S HOSPITAL
CORPORATION, THE BOARD OF
DIRECTORS OF THE CHILDREN'S
HOSPITAL CORPORATION, THE
CHILDREN'S HOSPITAL
CORPORATION RETIREMENT
COMMITTEE; and DOES No. 1-20,
Whose Names Are Currently Unknown,

               Defendants.

Case No: 1:22-cv-10069-JEK

---

## CLASS ACTION SETTLEMENT AGREEMENT

    This Class Action Settlement Agreement (the "Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants.

    NOW, THEREFORE, without any admission or concession on the part of the Class Representatives of any lack of merit of the Class Action whatsoever, and without any admission or concession on the part of Defendants as to the merits of the allegations or claims asserted in the Class Action, it is hereby STIPULATED AND AGREED, by and among the Settling Parties to this Settlement Agreement, through their respective attorneys, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties hereto from the Settlement Agreement, that all Released Claims as against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

1.    **ARTICLE 1 – DEFINITIONS**

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

1.1.    "Active Account" means an individual investment account in the Plan with a balance greater than $0.

1.2.    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to the Class Members, excluding any fees and expenses of the Plan's Recordkeeper in connection with the same; (b) related tax expenses (including taxes and tax expenses as described in Section 4.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, excluding any fees and expenses of the Plan's Recordkeeper in connection with the same; (d) all fees and expenses of the Settlement Administrator and Escrow Agent; (e) all fees and expenses of the Independent Fiduciary, not to exceed $25,000; and (f) all fees, expenses, and costs associated with providing CAFA Notices. Excluded from Administrative Expenses are Defendants' internal expenses and the Settling Parties' respective legal fees and expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

1.3.    "Alternate Payee" means a Person other than a Current Participant, Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a QDRO.

1.4.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel. The amount of attorneys' fees for Class Counsel shall not exceed one-third of the Gross Settlement Amount (a maximum amount of $1,000,000), which shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this Class Action, including the pre-litigation investigation period, not to exceed $25,000, which also shall be recovered from the Gross Settlement Amount.

1.5.    "Authorized Administrator" means any entity, other than the Recordkeeper, with appropriate administrative authority under the Plan.

1.6.    "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis, other than an Alternate Payee.

1.7.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

1.8.    "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by Defendants, substantially in the form set forth in Exhibit E hereto.

1.9.    "Case Contribution Awards" means the monetary amount awarded by the Court to each Class Representative in recognition of the Class Representative's assistance in the prosecution of this Class Action, for which Class Counsel may seek an amount not exceeding $10,000 per Class Representative payable from the Gross Settlement Amount.  Any such Case Contribution Award shall be subject to the approval of the Court.

1.10.   "Class Action" means *Monteiro, et al. v. The Children's Hospital Corporation, et al.*, Case 1:22-cv-10069-JEK, in the United States District Court for the District of Massachusetts.

1.11.   "Class Counsel" means Miller Shah LLP and Capozzi Adler, P.C.

1.12.   "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.13.   "Class Period" means the period from January 18, 2016, through the date the Preliminary Approval Order is entered by the Court.

1.14.   "Class Representatives" means Adilson Monteiro, Karen Ginsburg, Jason Lutan and Brian Minsk.

1.15.   "Complaint" means the Class Action Complaint filed on January 18, 2022.

1.16.   "Court" means the United States District Court for the District of Massachusetts.

1.17.   "Current Participant" means a member of the Settlement Class who has an Active Account as of the date of entry of the Preliminary Approval Order.

1.18.   "Defendants" means the Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee.

1.19.   "Defense Counsel" means Morgan, Lewis & Bockius LLP.

1.20.   "Escrow Agent" means the entity approved by the Settling Parties to act as escrow agent for any portion of the Gross Settlement Amount deposited in or accruing in the Qualified Settlement Fund pursuant to this Agreement.

1.21.   "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

1.22.   "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Case Contribution Awards; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e).  The Fairness Hearing may be conducted telephonically or by videoconference.

1.23.   "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.  The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Approval Order becomes Final is thirty (30) calendar days after its entry by the Court.

1.24.   "Final Approval Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit D hereto.

1.25.   "Former Participant" means a member of the Settlement Class who does not have an Active Account as of the date of entry of the Preliminary Approval Order.

1.26.   "Gross Settlement Amount" means the sum of three million dollars ($3,000,000.00), contributed to the Qualified Settlement Fund in accordance with Article 5.  Defendants shall cause this amount to be paid directly by their fiduciary liability insurer.  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement.  Neither Defendants nor their insurer(s) will make any additional payment in connection with the Settlement of the Class Action.

1.27.   "Independent Fiduciary" means Gallagher Fiduciary Advisors, LLC, which has no relationship to any of the Settling Parties and will serve as an independent fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 2.1.

1.28.   "Mediator" means Robert A. Myers, Esq.

1.29.   "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually

agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

1.30.    "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.31.    "Plaintiffs" means the Class Representatives.

1.32.    "Plan" means the Children's Hospital Corporation Tax-Deferred Annuity Plan, and each of the predecessor plans or successor plans, and any trust created for such plans.

1.33.    "Plan of Allocation" means the method of allocating settlement funds to Class Members.  A proposed form of the Plan of Allocation is attached hereto as Exhibit B.

1.34.    "Preliminary Approval Order" means the order of the Court in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

1.35.    "QDRO" means a Qualified Domestic Relations Order within the meaning of 26 U.S.C. § 414(p).

1.36.    "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.37.    "Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.38.    "Released Claims" means any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, based in whole or in part on acts or failures to act through the date of the Final Order.

1.38.1. That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters,

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

transactions, or occurrences that were alleged or could have been alleged in the Complaint; or

1.38.2. That arise out of, relate in any way to, are based on, or have any connection with (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plan's investment options or service providers; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or any Class Member; (c) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (d) the compensation received by the Plan's service providers; (e) the services provided to the Plan or the costs of those services; (f) the payment of compensation based on a total percentage of assets; (g) the management, oversight, or administration of the Plan or its fiduciaries; (h) the use of Plan-related information by any of the Plan's service providers or (i) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions under ERISA; or

1.38.3. That would be barred by *res judicata* based on entry of the Final Approval Order; or

1.38.4. That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; or

1.38.5. That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

1.38.6. The Class Representatives, Class Members and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

1.38.7. "Released Claims" does not include any claim unrelated to this Settlement that the Class Representatives or the Settlement Class may have to the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final.

1.39. "Released Parties" means (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors-In-Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, committees, subcommittees, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers, and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, employee benefit plan committees and subcommittees, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

1.40. "Representatives" shall mean representatives, attorneys, agents, directors, officers, or employees.

1.41. "Review Proceeding" shall have the meaning set forth in Section 1.22.

1.42. "Settlement" means the settlement to be consummated under this Settlement Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 14.13.

1.43. "Settlement Administrator" means Strategic Claims Services, the entity selected and retained by Class Counsel to administer the Settlement and Plan of Allocation.

1.44. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.45. "Settlement Agreement Execution Date" means the date on which the final signature is applied to this Settlement Agreement.

1.46. "Settlement Class" means all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

1.47.   "Settlement Effective Date" means the date on which the Final Approval Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 12.

1.48.   "Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit A.  The Settlement Notice shall inform Class Members of a Fairness Hearing to be held with the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Case Contribution Awards.

1.49.   "Settlement Website" means the internet website established in accordance with Section 13.2.

1.50.   "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

1.51.   "Successor-In-Interest" shall mean a Person or party's estate, legal representatives, heirs, successors, or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.52.   "Transferor" means the Children's Hospital Corporation as the "transferor" within the meaning of Treas. Reg. § 1.468B-1(d)(1).

2.   **ARTICLE 2 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

2.1.   <u>Independent Fiduciary</u>.  The Independent Fiduciary, retained by Defendants on behalf of the Plan, shall have the following responsibilities, including determining whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

   2.1.1.   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

   2.1.2.   The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

2.1.3.  All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement, up to $25,000, will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

2.1.4.  Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

2.1.5.  If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within twenty-one (21) calendar days of receipt of the determination.

2.1.6.  A copy of the Independent Fiduciary determination letter and report shall be provided to Class Counsel, who may file it with the Court in support of Final approval of the Settlement.

2.2.  <u>Preliminary Approval</u>.  As soon as reasonably possible upon the full execution of this Settlement Agreement by the Settling Parties, the Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit C.  Defendants will not object to these motions; however, Defendants will be provided the opportunity to review such motions reasonably in advance and Plaintiffs will cooperate in incorporating Defendants' revisions to such motions or discussing agreeable modifications.  The Preliminary Approval Order to be presented to the Court shall, among other things:

2.2.1.  Certify the Settlement Class, defined in this Settlement Agreement, as a non-opt out Class, for settlement purposes only under Fed. R. Civ. P. 23(b)(1);

2.2.2.  Approve the text of the Settlement Notice for mailing or sending by electronic means to Class Members;

2.2.3.  Determine that under Fed. R. Civ. P. 23(c)(2), the Settlement Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

2.2.4.  Cause the Settlement Administrator to send by first-class mail and/or e-mail the Settlement Notice to each Class Member identified by the Settlement Administrator based upon the data provided by the Plan's Recordkeeper;

9

2.2.5.  Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan;

2.2.6.  Set the Fairness Hearing for no sooner than one hundred forty (140) calendar days after the date the motion for entry of the Preliminary Approval Order is filed, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Case Contribution Awards, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

2.2.7.  Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel.  To be filed validly, the objection and any supporting documents must be filed or postmarked at least thirty (30) calendar days prior to the scheduled Fairness Hearing.  Any Person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate fifteen calendar days (15) before the Fairness Hearing;

2.2.8.  Provide that any party may file a response to an objection by a Class Member;

2.2.9.  Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

2.2.10.  Approve the form of the CAFA Notice attached as Exhibit E and order that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

2.3.  <u>Settlement Administrator</u>.  Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

2.3.1.  The Settlement Administrator must agree to be bound by any non-disclosure or security protocol required by the Settling Parties.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

2.3.2.  The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely and for no other purpose than meeting its obligations as Settlement Administrator.

2.3.3.  At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.4.    <u>Settlement Notice</u>.  By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit A or a form subsequently agreed to by the Settling Parties and approved by the Court.  The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

2.5.    <u>CAFA Notice</u>.  No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Defendants shall serve the CAFA Notice in substantially the form attached as Exhibit E hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.

## 3.    ARTICLE 3 – FINAL SETTLEMENT APPROVAL

3.1.    No later than forty-five (45) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit D) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and the Plan's governing documents:

3.1.1.  Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

3.1.2.  A determination under Fed. R. Civ. P. 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances and that due

and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

3.1.3.   Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

3.1.4.   That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

3.1.5.   That each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

3.1.6.   That the provisions of Sections 3.1.4 and 3.1.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

3.1.7.   That all applicable CAFA requirements have been satisfied;

3.1.8.   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court;

3.1.9.   That, with respect to any matters that arise concerning the implementation of distributions to Class Members who are current or former participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan; and

3.1.10. That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

3.2.    The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class and the Plan shall be bound by the Settlement Agreement and the Final Approval Order.

4.    **ARTICLE 4 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND**

4.1.    No later than ten (10) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent.  The Settling Parties agree that the Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1.  In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4.1.  If applicable, the Settlement Administrator (as the "administrator" pursuant to Section 4.2) and the Transferor shall fully cooperate in filing the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) to treat the Qualified Settlement Fund as coming into existence as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1 as of the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to be timely made.

4.2.    The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required to be filed in accordance with Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including, without limitation, applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)).  Such returns as well as any election described in Section 4.1 shall be consistent with this Article 4 and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

penalties) on the income earned by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 4.3.

4.3. Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Qualified Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Qualified Settlement Fund for any period during which the Qualified Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 4 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 4). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Settlement Administrator out of the Gross Settlement Amount without prior order from the Court. The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses; neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Settlement Administrator, Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 4.

4.4. Within twenty-one (21) calendar days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the date the Qualified Settlement Fund is established and the Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions, then the Transferor and/or Defendants' insurer shall make a one hundred thousand dollar ($100,000.00) payment to the Qualified Settlement Fund as the first installment of the Gross Settlement Amount.

4.5. Within ten (10) business days after the Settlement Effective Date, the Transferor and/or Defendants' insurer shall make a two million nine hundred dollars ($2,900,000.00) payment to the Qualified Settlement Fund, representing the remainder of the Gross Settlement Amount.

4.6. The Settlement Administrator shall, at the written direction of Class Counsel, cause the Escrow Agent to invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall

cause the Escrow Agent to reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.7.    The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion thereof from the Qualified Settlement Fund except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel.  Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

4.8.    The Settlement Administrator shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.9.    No later than February 15 of the year following the calendar year in which the Transferor and/or Defendants' insurer makes any transfer of the Gross Settlement Amount, or any other amount, to the Qualified Settlement Fund on behalf of the Transferor pursuant to the terms of this Article 4, the Transferor shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax return filed for the taxable year in which the Transferor and/or Defendants' insurer makes a transfer on its behalf to the Qualified Settlement Fund.

## 5.    PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

5.1.    <u>Disbursements from Qualified Settlement Fund prior to Settlement Effective Date</u>.  Class Counsel, subject to the approval of Defendants, which approval shall not be unreasonably withheld, shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.1.1.    <u>Settlement Notice Expenses</u>.  After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice.  Class Counsel will select a Settlement Administrator to assist with Class Notice and administration of the Settlement, subject to the agreement of Defendants, which agreement shall not unreasonably be withheld.  The Settlement Administrator shall enter into a confidentiality agreement and information security agreement to adequately protect information provided to the Settlement Administrator relating to the Settlement.  Any costs, expenses, or fees incurred in connection with the administration of this Settlement, except any fees incurred by the Plan's Recordkeeper, shall be paid out of the Qualified

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Settlement Fund. Neither Defendants nor Defense Counsel are responsible for the Settlement Administrator's work, nor may they be held liable for any act or omission by the Settlement Administrator.

5.1.2. For taxes and expenses of the Qualified Settlement Fund as provided in Section 4.3.

5.1.3. For fees and expenses of the Independent Fiduciary up to a cap of $25,000. The Escrow Agent shall be directed to disburse money from the Qualified Settlement Fund to pay the reasonable fees and expenses of the Independent Fiduciary (which shall include any attorneys' fees of the Independent Fiduciary, subject to the cap of $25,000) retained pursuant to Article 2.1. To the extent the Transferor and/or Defendants' insurer pay any costs, fees or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Escrow Agent shall be directed to reimburse the Transferor and/or Defendants' insurer(s) for such amounts.

5.1.4. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement.

5.2. Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 4.5, Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.2.1. For Attorneys' Fees and Costs, as approved by the Court, and no later than fifteen (15) business days following the Settlement Effective Date.

5.2.2. For Class Representatives' Case Contribution Awards, as approved by the Court, and no later than fifteen (15) business days following the Settlement Effective Date.

5.2.3. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid.

5.2.4. The Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.3. Implementation of the Plan of Allocation. Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached hereto as Exhibit B, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount. The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to the Class Members pursuant to the Plan of Allocation. Upon the Settlement Effective Date, and after

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

the amounts payable pursuant to Sections 5.1 and 5.2 have been disbursed, or, in the case of future estimated expenses set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Settlement Agreement and the Plan of Allocation. The Recordkeeper or any other entity with appropriate authority under the Plan (an "Authorized Administrator") shall allocate to the Plan accounts of Class Members who are not Former Participants any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation, documentation of which Class Counsel shall direct the Settlement Administrator to provide to the Authorized Administrator pursuant to the Plan of Allocation no later than the distribution of the Net Settlement Amount. The Settlement Administrator shall promptly notify Class Counsel as to the date(s) and amounts(s) of said allocation(s) made to Class Members who are not Former Participants. The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to the Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Former Participants. Checks to Former Participants shall become void 180 days after issuance. Defendants shall have no liability related to the structure or taxability of such payments. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

5.4.    The Net Settlement Amount distributed pursuant to the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

5.5.    Final List of Class Members.  Prior to the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation.  Such list shall be final, and only persons on the list or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from this Settlement.

5.6.    After the distribution of the Net Settlement Amount and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to Class Members who cannot be located or otherwise cannot receive their Settlement payment shall revert to the Qualified Settlement Fund.

6.    **ARTICLE 6 – ATTORNEYS' FEES AND EXPENSES**

6.1.    Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Awards.  Class Counsel intends to seek to recover their attorneys' fees not to exceed one-third of the Gross Settlement Amount (a maximum amount of $1,000,000), and litigation costs and expenses advanced and carried by Class Counsel for the duration of the Class Action, not to exceed $25,000, which shall

be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Case Contribution Awards, in an amount not to exceed $10,000 each for the Class Representatives, which shall be recovered from the Gross Settlement Amount.

6.2. Class Counsel will file a motion for an award of Attorneys' Fees and Costs no later than 45 calendar days before the date of the Fairness Hearing specified in the Preliminary Approval Order.

## 7. ARTICLE 7 – RELEASE AND COVENANT NOT TO SUE

7.1. As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1) and the Class Members (and their respective heirs, beneficiaries, executors, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not such Class Members have received or will receive a monetary benefit from the Settlement, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

7.2. As of the Settlement Effective Date, the Class Representatives, the Class Members, and the Plan (subject to Independent Fiduciary approval as required by Section 2.1) expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

7.3. Class Counsel, the Class Representatives, Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, had they been known, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the entry of the Final Approval Order, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members and the Plan acknowledge and shall be deemed by operation of the

Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

7.4.    Each Class Representative, each Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, the Class Members and Plan shall be conclusively deemed to, and by operation of the Final Approval Order shall settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives, Class Members, and the Plan shall, upon entry of the Final Approval Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

7.5.    <u>Dismissal With Prejudice</u>.  The Class Action and all Released Claims shall be dismissed with prejudice.

7.6    <u>No Impact on Prior Releases</u>.  The Released Claims in the Class Action shall not invalidate or impair any prior release of claims by any Class Members against any of the Released Parties.

## 8.    ARTICLE 8 – COVENANTS

The Settling Parties covenant and agree as follows:

8.1.    <u>Taxation</u>.  Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiffs or Class Counsel receive from the Gross Settlement Amount.  Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund.  Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

8.2.  <u>Cooperation</u>.  Defendants shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

    8.2.1.  Defendants or Defense Counsel shall work with the Recordkeeper to provide to the Settlement Administrator and/or Class Counsel data regarding Class Members (including names, dates of birth, the final four digits of social security numbers, last known primary address, any email, Beneficiary and Alternate Payee information (as applicable), and quarterly account balances throughout the Class Period), for purposes of effecting the administration of the Plan of Allocation. Data other than quarterly account balances will be provided to the Plan Administrator no later than 5 days after entry of the Preliminary Approval Order.  Neither Plaintiffs, Class Counsel, Defendants, or Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this section.

    8.2.2.  The Settlement Administrator shall use the information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2.1 to compile a preliminary list of Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

    8.2.3.  Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2.1 solely and for no other purpose than providing notice and administering this Settlement and will take all reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

8.3.  The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Approval Order approving the Settlement unless expressly permitted by this Settlement Agreement.  The Settling Parties shall suspend any and all efforts to prosecute and to defend the Class Action pending entry of the Final Approval Order or, if earlier, termination of the Settlement Agreement.

**9.  ARTICLE 9 – REPRESENTATION AND WARRANTIES**

9.1.  <u>Settling Parties' Representations and Warranties</u>.  The Settling Parties, and each of them, represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

    9.1.1.  That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

result of arm's-length negotiations under the auspices of the Mediator; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement. Each Settling Party assumes the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

9.1.2.  That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Settling Parties. The Settling Parties, and each of them, further represent and warrant to each other that he, she, they, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, they, or it deems necessary.

9.2.  <u>Signatories' Representations and Warranties</u>. Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he, she, they, or it has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 10. ARTICLE 10 – NO ADMISSION OF LIABILITY

10.1.  The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission, or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

10.2.  This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants specifically deny any such liability or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the burden and expense of further litigation. Further, the Class Representatives, while believing that the claims brought in the Class Action have merit, have concluded that the terms of this Settlement Agreement are fair,

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

reasonable, and adequate to the Plan, themselves, and members of the Settlement Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA litigation such as the Class Action. Neither the fact nor the terms of this Settlement Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Approval Order.

## 11.    ARTICLE 11 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 11 being satisfied. The Settling Parties agree that if any of these conditions is not satisfied, then this Settlement Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 11.4) and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Settlement Agreement Execution Date. In such event, Defendants will not be deemed to have consented to the class certification order referenced in Section 11.1, the agreements and stipulations in this Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support a motion for class certification, and Defendants will retain all rights with respect to challenging class certification.

11.1.    <u>Court Approval and Class Certification for Settlement Purposes</u>. The Court shall have certified the Settlement Class for settlement purposes only (and Defendants will not object to this certification for settlement purposes only), the Settlement shall have been approved by the Court, the Court shall have entered the Final Approval Order substantially in the form attached as Exhibit D hereto, and the Settlement Effective Date shall have occurred.

11.2.    <u>Finality of Settlement</u>. The Settlement shall have become Final.

11.3.    <u>Resolution of CAFA Objections (If Any)</u>. In the event that any of the government officials who received a CAFA Notice objects to and requests modification(s) to the Settlement, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modification(s). In the event such objection(s) or requested modification(s) are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to Article 12.

11.4.    <u>Settlement Authorized by Independent Fiduciary</u>. At least thirty (30) calendar days before the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement and given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then the Settling Parties may mutually agree to modify the terms of this Settlement Agreement as necessary to facilitate an approval by the Independent Fiduciary and/or the Independent Fiduciary's release on behalf of the

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Plan. Otherwise, Defendants shall have the option to waive this condition, in which case such option is to be exercised in writing within ten (10) business days after the Settling Parties' receipt of the Independent Fiduciary's written determination, unless otherwise agreed by the Settling Parties.

**12. ARTICLE 12 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

12.1.   The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

12.1.1. Under Section 2.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Defendants do not exercise their option to waive this condition as provided in Section 11.4;

12.1.2. The Preliminary Approval Order or the Final Approval Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

12.1.3. The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

12.1.4. This Settlement Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

12.1.5. The Preliminary Order or Final Approval Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

12.2.   If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, less any funds that were reasonably and necessarily incurred to effectuate the Settlement Agreement prior to its termination, shall be returned to Defendants' insurer within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void.

12.3. It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards.

13. **ARTICLE 13 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS**

13.1. Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed; and (b) comply with this Article 13 in all other respects.

13.2. The Settlement Administrator, at the direction of Class Counsel, will establish a Settlement Website on which it will post the following documents or links to the following documents following the date of the Preliminary Approval Order: the Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Plaintiffs' Motion for Attorneys' Fees and Costs and Class Representative Case Contribution Awards, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settlement Parties. The Settlement Administrator will take down the Settlement Website no later than ninety (90) days after it sends notice to Class Counsel and Defense Counsel that it has completed all aspects of the Plan of Allocation. The Settlement Administrator will also maintain a toll-free telephone line for members of the Settlement Class.

13.3. Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not at any time make (or encourage or induce others to make) any public statement regarding the Class Action or the Settlement that disparages any Released Party; provided, however, that this prohibition does not preclude Class Counsel from restating the allegations made in the Complaint for purposes of the motion for preliminary approval of the Settlement, motion for final approval of the Settlement, or the request for Attorney's Fees and Costs, Administrative Expenses, and Class Representative Compensation, or as necessary to provide notice to the Settlement Class. This prohibition does not prohibit any Settling Party from making any statements pursuant to a valid legal process, a request by a regulatory agency, or as required by law.

13.4. Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not issue any press release regarding the Settlement, advertise the settlement, or affirmatively contact any media sources regarding the Settlement. Nothing in this section shall prevent Class Counsel from maintaining non-

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

confidential information related to the Settlement on their websites or firm resumés or biographies, nor shall this section prevent notice as otherwise agreed upon by the Settling Parties.

13.5.    Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not publicly disclose the terms of the Settlement until after the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless such disclosure is pursuant to a valid legal process, a request by a regulatory agency, or as otherwise required by law, government regulations, or order of the Court.

## 14.    ARTICLE 14 – GENERAL PROVISIONS

14.1.    The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to undertake all tasks as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.  The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

14.2.    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding.

14.3.    Defendants and the Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action.  This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

14.4.    Defendants deny all allegations of wrongdoing.  Defendants believe that the Plan has been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plan's participants, and in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

14.5.    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns.  Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

14.6.    The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including but not limited to the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

14.7.    The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws.  Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement.  To the extent that any portion of any Settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

14.8.    Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

14.9.    Only Class Counsel may seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members.  Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them.  Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request.  Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

14.10.  This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Massachusetts law.

14.11.  The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement.  Any motion or action to enforce this Settlement Agreement—including by way of injunction—shall be filed in the U.S. District Court for the District of Massachusetts or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

14.12.  Each party to this Settlement Agreement hereby acknowledges that he, she, they, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, their, or its counsel.

14.13.  Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.  Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing.  Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

14.14.  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions.  The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

14.15.  Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

14.16.  All of the exhibits attached hereto are incorporated by reference as though fully set forth herein.  The exhibits shall be: Exhibit A – Notice of Class Action

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Settlement and Fairness Hearing; Exhibit B – Plan of Allocation; Exhibit C – Preliminary Approval Order; Exhibit D – Final Approval Order; Exhibit E – Form of CAFA Notice.

14.17. No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

14.18. <u>Principles of Interpretation</u>.  The following principles of interpretation apply to this Settlement Agreement:

    14.18.1.    <u>Headings</u>.  Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.

    14.18.2.    <u>Singular and Plural</u>.  Definitions apply to the singular and plural forms of each term defined.

    14.18.3.    <u>Gender</u>.  Definitions apply to the masculine, feminine, non-binary, and neuter genders of each term defined.

    14.18.4.    <u>References to a Person</u>.  References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

    14.18.5.    <u>Terms of Inclusion</u>.  Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.19. <u>Survival</u>.  All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement.  No Party is relying on any oral representations or oral agreements.  All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date

14.20. <u>Notices</u>.  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO CLASS REPRESENTATIVES:

Laurie Rubinow
Alec J. Berin
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Tel: (866) 540-5505
lrubinow@millershah.com
ajberin@millershah.com


IF TO DEFENDANTS:

Keri L. Engelman
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
keri.engelman@morganlewis.com

      Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

14.21.  Entire Agreement.  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.  It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

14.22.  Counterparts.  The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

14.23. <u>Binding Effect</u>.  This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

14.24. <u>Destruction/Return of Confidential Information</u>.  Within thirty (30) days after the Final Approval Order, Class Representatives and Class Counsel shall make reasonable efforts to either return or destroy all documents or other materials produced as or designated as Confidential.  Class Counsel shall certify to Defendants that all such materials have been destroyed to the extent practicable. The Settling Parties agree that the preliminary and final lists of Class Members are deemed Confidential, and that the Settling Parties shall have the right to continue to designate documents provided to any party in connection with this Settlement Agreement as Confidential.

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.

Date: April 28, 2025

On Behalf of Plaintiffs, Individually and as Representatives of the Settlement Class:

_____
James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Tel: (866) 540-5505
Fax: (866) 300-7367
jemiller@millershah.com
lrubinow@millershah.com

James C. Shah
John C. Roberts
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Tel: (866) 540-5505
Fax: (866) 300-7367
jcshah@millershah.com
jcroberts@millershah.com
ajberin@millershah.com

Date:  April 18, 2025

On Behalf of Defendants:

Signed by:
Christopher R. Viney
D966A6F34A6D465...
_____
Christopher R. Viney

Executive Vice President and System General Counsel
Boston Children's Hospital

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
Fax: (717) 233-4103
markg@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Tel: (717) 233-4101
Fax: (717) 233-4103
donr@capozziadler.com

John Roddy
BAILEY & GLASSER LLP
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954
jroddy@baileyglasser.com

*Counsel for Plaintiffs, the Plan,
and the Settlement Class*

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ADILSON MONTEIRO, KAREN
GINSBURG, JASON LUTAN, and
BRIAN MINSK, Individually and as
representatives of a class of similarly
situated persons, on behalf of the
CHILDREN'S HOSPITAL
CORPORATION TAX-
DEFERRED ANNUITY PLAN,

Case No. 1:22-cv-10069-JEK

Plaintiffs,

v.

THE CHILDREN'S HOSPITAL
CORPORATION, THE BOARD
OF DIRECTORS OF THE
CHILDREN'S HOSPITAL
CORPORATION, THE
CHILDREN'S HOSPITAL
CORPORATION RETIREMENT
COMMITTEE; and DOES No. 1-
20, Whose Names Are Currently
Unknown,

Defendants.

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

*IF YOU WERE A PARTICIPANT IN THE CHILDREN'S HOSPITAL
CORPORATION TAX-DEFERRED ANNUITY PLAN BETWEEN JANUARY
18, 2016 AND THE DATE ON WHICH THE COURT AUTHORIZED
NOTICE TO THE CLASS, YOU COULD RECEIVE A PAYMENT AND
YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS CLASS ACTION
SETTLEMENT.*

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

This Notice advises you of the settlement (the "Settlement") of a lawsuit against the Children's
Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the
Children's Hospital Corporation Retirement Committee (collectively, "Defendants").  In the
lawsuit, Plaintiffs Adilson Monteiro, Karen Ginsburg, Jason Lutan and Brian Minsk
(collectively, "Plaintiffs," and with Defendants, the "Parties"), allege that Defendants violated

Docusign Envelope ID: 6D25170F-56AC-4BF5-8B0E-98FE5A8BEADD

the Employee Retirement Income Security Act of 1974 ("ERISA") in the administration of the Children's Hospital Corporation Tax-Deferred Annuity Plan (the "Plan"). Defendants deny the allegations and deny that they engaged in any improper conduct. YOU SHOULD READ THIS ENTIRE NOTICE CAREFULLY BECAUSE YOUR LEGAL RIGHTS WILL BE AFFECTED, WHETHER YOU ACT OR NOT.

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

# WHAT THIS NOTICE CONTAINS

1.    Why did I get this Notice? ................................................................................ 1

2.    What is this lawsuit about? .............................................................................. 1

3.    What is a class action lawsuit? ........................................................................ 1

4.    Why is there a settlement? ............................................................................... 1

5.    How do I get more information about the Settlement? ..................................... 2

6.    Who will administer the Settlement? ................................................................ 2

7.    What does the Settlement provide? .................................................................. 2

8.    How may I benefit from the Settlement? .......................................................... 2

9.    What are the Plaintiffs receiving from the Settlement? .................................... 3

10.   What do I give up by participating in the Settlement? ..................................... 3

11.   Do I have a lawyer in this case? ...................................................................... 3

12.   How will the lawyers (Class Counsel) be paid? .............................................. 4

13.   Can I exclude myself from the Settlement Class? ........................................... 4

14.   What does it mean to object? ........................................................................... 4

15.   What is the procedure for objecting to the Settlement, including any objection to
      Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution
      Awards? ............................................................................................................. 4

16.   When/where will the Court decide whether to approve the Settlement? ........... 5

17.   Do I have to attend the Fairness Hearing? ....................................................... 5

18.   May I speak at the Fairness Hearing? .............................................................. 6

19.   What happens if I do nothing at all? ................................................................ 6

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

**1.        Why did I get this Notice?**

Records indicate that you are or may be a Current Participant or Former Participant who participated in the Plan during the period between January 18, 2016 and the date on which the Court authorized notice to the Class (the "Class Period")[1], or are or may be the Beneficiary or Alternate Payee of a such participants.

You are receiving this Notice because you have a right to know about the proposed settlement of a class action lawsuit in which you are potentially a Class Member before the Court decides whether to approve the Settlement.

This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible to receive them, and how to get them.

The lawsuit is pending in the United States District Court for the District of Massachusetts (the "Court"). It is known as *Monteiro, et al. v. the Children's Hospital Corporation et al.*, Case No. 1:22-cv-10069-JEK, and is brought against Defendants.

**2.        What is this lawsuit about?**

On January 18, 2022, Plaintiffs filed an action against Defendants, alleging that their administration of the Plans violated ERISA. Since the filing of the action, the parties engaged in litigation, including investigating the claims, briefing a motion to dismiss and a motion for interlocutory appeal, exchanging written discovery and document productions, and deposing the Plaintiffs. In February 2025, the Parties mediated the action and were ultimately able to reach the terms of the Settlement explained in this Notice. Defendants have denied and continue to deny any wrongdoing or liability and will continue to vigorously defend the lawsuit if the proposed Settlement is not approved.

**3.        What is a class action lawsuit?**

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who they allege have similar claims. One court resolves all the issues for all class members in a single lawsuit. Plaintiffs are the proposed class representatives in this lawsuit, and are sometimes referred to in this Notice as the "Class Representatives" or as "Plaintiffs."

**4.        Why is there a settlement?**

The Parties agreed to the Settlement after extensive negotiations. By agreeing to a settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and the other Class Members will receive compensation. Class Counsel have conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation. Plaintiffs and Class Counsel agree that the Settlement is in the best interest of the Settlement Class. The Court

---

[1] Capitalized terms not otherwise defined in this Notice shall have the same meaning as in the Settlement Agreement, which is available at [xxx]

has not made any finding that Defendants have done anything wrong or violated any law or regulation.

**5.        How do I get more information about the Settlement?**

This Notice summarizes the proposed settlement.  For the precise terms and conditions of the Settlement, please see the Settlement Agreement, which is available at [website], by contacting Class Counsel (see answer to question 11 for contact information) or the Settlement Administrator (see answer to question 6 for contact information), or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.mad.uscourts.gov/.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**6.        Who will administer the Settlement?**

The Settlement Administrator, Strategic Claims Services, will administer the Settlement, including the processing of the Former Participant Claim Form, if applicable, that you may need to fill out and send in to receive any settlement payment.  You may contact the Settlement Administrator by: (a) sending a letter to [address] (b) sending an e-mail to [email]; (c) visiting the Settlement website at [website]; or (d) calling toll-free at [phone number].

**THE SETTLEMENT BENEFITS – WHAT THE SETTLEMENT PROVIDES**

**7.        What does the Settlement provide?**

Defendants have agreed to pay a total of $3,000,000.00 to the Class Members ("Gross Settlement Amount").  Class Counsel intends to ask the Court to approve up to one-third of that amount for attorneys' fees, as well as litigation expenses actually incurred by Class Counsel up to a cap of $25,000, as well as Class Representatives' Case Contribution Awards not to exceed $10,000 for each Class Representative.  The amount that will be available for distribution to Class Members ("Net Settlement Amount") will be the Gross Settlement Amount *minus* the amounts used for other approved settlement purposes (Case Contribution Awards, Court-approved Attorneys' Fees and Expenses to Class Counsel, Administrative Expenses, and certain taxes and tax-related costs).

**8.        How may I benefit from the Settlement?**

You may be entitled to payment of a portion of the Net Settlement Amount.  The amount paid to each Current Participant, Former Participant, Beneficiary or Alternate Payee will be determined by a Plan of Allocation subject to Court approval.

You do not need to take any action in order to receive payment under the Settlement.  However, if you wish to update your address or beneficiary information, or to elect a rollover of Settlement funds to another qualified retirement account, please do so using the following page on the Settlement website: [website]

Payments made to Current Participants, or to Beneficiaries or Alternate Payees of a Participant who have an Active Account in the Plan shall be made into these persons' individual investment accounts in the Plan. Payments made to Former Participants, or to Beneficiaries or Alternate Payees of Former Participants who do not have an Active Account in the Plan will be made by check or, if elected through the website indicated in the previous paragraph, rollover into another qualified retirement account. "Former Participant" means a member of the Settlement Class who does not have an Active Account (*i.e.*, a balance greater than $0) as of the date on which the Court authorized notice to the Class.

**9.          What are the Plaintiffs receiving from the Settlement?**

Class Counsel intends to ask the Court to award the Class Representatives Case Contribution Awards of an amount not to exceed $10,000 each in recognition of the work and effort they expended on behalf of the Class.

**THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP**

**10.          What do I give up by participating in the Settlement?**

Each Class Member gives Defendants a "release." A release means you give up your rights to sue Defendants or receive any benefits from any other lawsuit against Defendants if the lawsuit asserts similar claims or relates in any way to the practices or decisions at issue in this lawsuit.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel. (See answer to question 5 for details.)

**THE LAWYERS REPRESENTING YOU**

**11.          Do I have a lawyer in this case?**

Yes. The Court has appointed the law firms of Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel. You will not be charged for the work of these lawyers. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

Class Counsel may be contacted at:

Laurie Rubinow
Alec J. Berin
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Tel: (866) 540-5505
lrubinow@millershah.com
ajberin@millershah.com

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

**12.        How will the lawyers (Class Counsel) be paid?**

Class Counsel anticipate that they will ask the Court for an award of attorneys' fees of up to one-third of the Settlement Amount, as well as litigation expenses they actually incurred up to a cap of $25,000, based upon the value of the Settlement, the time they have devoted to this engagement, and the expenses they have advanced in prosecuting this matter.

## OPTING OUT OF THE SETTLEMENT

**13.        Can I exclude myself from the Settlement Class?**

No.  The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the lawsuit for all claims that were asserted in the lawsuit or are otherwise included as Released Claims as defined in the Settlement Agreement.  If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement.

## OBJECTING TO THE SETTLEMENT

**14.        What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

**15.        What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Awards?**

You can ask the Court to deny approval of the Settlement and/or the Motion for Attorneys' Fees and Expenses of Class Counsel or the Case Contribution Awards to be requested for the Class Representatives by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.  The Court, however, can award less than the amount requested by Class Counsel for attorneys' fees and expenses or the amount requested for the case contribution awards.  If the Court does so, because of an objection or in its own discretion, although that ruling could affect the timing and amount of settlement payments, any such reduction in Class Counsel's attorneys' fees and expenses or Case Contribution Awards to be paid to the Class Representatives would not otherwise affect the finality of the Settlement.

Any objection to the proposed Settlement or Motion for Attorneys' Fees and Expenses or Case Contribution Awards must be in writing in accordance with the requirements in the Court's Order Authorizing Notice to the Class.  If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

All written objections and supporting papers must: (a) clearly identify the case name and number as *Monteiro, et al. v. the Children's Hospital Corporation, et al.*, Case No. 1:22-cv-10069-JEK; (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by filing them in person at any location of the United States District Court for the District of Massachusetts; and (c) be filed or postmarked on or before [INSERT ACTUAL DATE 30 DAYS BEFORE THE FAIRNESS HEARING].

Your objection must also include: (1) your full name, current address, and current telephone number, and, if represented by counsel, any of your counsel's names and contact information; (2) a written statement of your objection(s), specifying the reason(s) for each objection, including any supporting evidence, and whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (3) copies of any papers, brief, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection; (5) a list of any other objections to any class action settlements you or anyone acting on your behalf has submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (6) your signature, even if you are represented by counsel.

Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing.

**ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

## THE COURT'S FAIRNESS HEARING

**16.        When/where will the Court decide whether to approve the Settlement?**

On _____, at _____ a.m./p.m. [ACTUAL DATE AND TIME TO BE AT LEAST 140 DAYS AFTER MOTION FOR ENTRY OF ORDER AUTHORIZING NOTICE TO THE CLASS AS ESTABLISHED BY THE COURT], in the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Courtroom 3, Third Floor, Boston, MA 02210, the Court will hold a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved.  The hearing may be continued from time to time by the Court without further notice, and may be held via teleconference or videoconference.  Please check the website or contact Class Counsel if you wish to confirm that the hearing time has not been changed and to determine if it is occurring in person or by video or teleconference.

**17.        Do I have to attend the Fairness Hearing?**

No; however, you are welcome to attend at your own expense.  If you file an objection to the Settlement, you do not have to go to Court to talk about it.  As long as your objection is filed or

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

postmarked by [ACTUAL DATE TO BE 30 DAYS BEFORE THE FAIRNESS HEARING] and you comply with the requirements in the answer to question 15 above, the Court will consider it. You may also send your own lawyer at your expense to attend the Fairness Hearing.

**18.        May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing.  Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing, at their own expense.

Objectors or their attorneys intending to participate at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than  [ACTUAL DATE TO BE 15 DAYS BEFORE THE DATE OF FAIRNESS HEARING SPECIFIED IN THE ORDER AUTHORIZING NOTICE TO THE CLASS]. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

**IF YOU DO NOTHING**

**19.        What happens if I do nothing at all?**

IF YOU DO NOTHING, YOU AND ALL OTHER CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF CLAIMS.  You do not need to take any action to be eligible to receive the Settlement benefits.

DATED: [ACTUAL NOTICE DATE TO BE NO LATER THAN 30 DAYS AFTER ENTRY OF ORDER AUTHORIZING NOTICE TO THE CLASS]

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

# EXHIBIT B

## PLAN OF ALLOCATION

1.1    Each capitalized term below has the definition provided in the Settlement Agreement.

1.2    After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Plan for payments to the accounts of Current Participants as set forth in Paragraph 1.6 below, and to Former Participants as set forth in Paragraph 1.7 below, both in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

1.3    To be eligible for a payment from the Net Settlement Amount, a person must be a Current Participant, Former Participant, Beneficiary, or Alternate Payee. Current Participants, as well as Beneficiaries or Alternate Payees with Active Accounts, shall receive their settlement payments as additions to their Active Accounts, as provided for in Paragraph 1.6 below. Former Participants, as well as Beneficiaries or Alternate Payees who do not have Active Accounts shall receive their settlement payments in the form of checks, as provided in Paragraph 1.7 below.

1.4    Beneficiaries will receive settlement payments, as described in this Plan of Allocation, in amounts corresponding to their entitlement as Beneficiaries of the Current Participant or of the Former Participant with respect to which the payment is made. This includes settlement payments to Beneficiaries based upon the Current Participant's or Former Participant's Plan account(s) during the Class Period and/or by the Beneficiary's own Plan account(s) during the Class Period, if an account was created in the Plan for the Beneficiary. Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Former Participant's allocation under this Plan of Allocation pursuant to the terms of the applicable QDRO, including Alternate Payees for whom an account was created in the Plan. Beneficiaries and Alternate Payees with Active Accounts will receive payments by the method described in this Plan of Allocation for Current Participants. Beneficiaries and Alternate Payees who do not have Active Accounts will receive payments by the method described in this Plan of Allocation for Former Participants. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

1.5    **Calculation of Settlement Payments.** Payments to Current Participants, Former Participants, Beneficiaries, or Alternate Payees, shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

    1.5.1    The Settlement Administrator shall divide the Net Settlement Amount into an "Investments Settlement Amount" and an "Excessive Fees Settlement Amount." The Investments Settlement Amount shall be equal to 50% of the Net Settlement Amount, and the Excessive Fees Settlement Amount shall be equal to 50% of the Net Settlement Amount.

    1.5.2    The Settlement Administrator shall determine two "Settlement Allocation Scores" for each Current Participant, Former Participant,

Beneficiary, or Alternate Payee: the "Investments Score" and the "Excessive Fees Score."

The Investments Score shall be calculated by: (i) determining the sum of the year-end account balances in each of the Fidelity Freedom Funds (collectively, "Challenged Funds") of each Current Participant and Former Participant in the period between 2018 and 2024, plus the Challenged Funds account balances at the end of Q1 2025, or, if a Beneficiary or Alternate Payee had a separate account in the Plan during the Class Period, by determining the sum of the year-end balance and the Q1 2025 balances in each of the Challenged Funds of each such Beneficiary or Alternate Payee; and (ii) dividing the sum of each Current Participant's or Former Participant's, or, to the extent applicable, each Beneficiary's or Alternate Payee's, year-end account balances in each of the Challenged Funds during the period between 2018 and 2024 plus balances at the end of Q1 2025 by the total sum of year-end asset amounts in each of the Challenged Funds in Plan during the period between 2018 and 2024 and asset-amounts in the Challenged Funds at the end of Q1 2025.

The Excessive Fees Score shall be calculated by: (i) determining, for each year of the period between January 1, 2018 and December 31, 2024, whether each Current Participant and Former Participant, and any Beneficiary or Alternate Payee that had a separate account in the Plan, had a positive beginning account balance (determined by the previous year-end account balance); and (ii) dividing the sum of the instances in which each Current Participant or Former Participant, or, to the extent applicable, each Beneficiary or Alternate Payee, began a calendar year for each year of the Class Period with a positive beginning account balance, by the total sum of Plan accounts with a balance to begin such a calendar year.

The Investments Score shall be used to calculate the *pro rata* settlement payment to each Current Participant, Former Participant, Beneficiary, or Alternate Payee from the Investments Settlement Amount and the Excessive Fees Score shall be used to calculate the *pro rata* settlement payment to each Current Participant, Former Participant, Beneficiary, or Alternate Payee from the Excessive Fees Settlement Amount.

**1.5.3** If the total dollar amount of the settlement payment (combining payments under both the Investments Score and Excessive Fees Score) to a Former Participant, Beneficiary, or Alternate Payee who does not have an Active Account, is initially calculated by the Settlement Administrator to be $10.00 or less, then that person's payment shall be $10.00, payable from the Investments Settlement Amount or Excessive Fees Settlement Amount, respectively, in accordance with the entitlement of the Former Participant, Beneficiary, or Alternate Payee to receive proceeds from such settlement

3

amount. All such amounts shall be retained in the Settlement Fund for distribution under Paragraph 1.13.

1.5.4    The Plan's Recordkeeper (or designees) shall provide the necessary data subject to its control as may be reasonably available and necessary to enable the Settlement Administrator to perform the above calculations.

1.5.5    The Settlement Administrator shall utilize the calculations required to be performed herein for: (a) making the required payments to Former Participants, and to Beneficiaries or Alternate Payees who do not have Active Accounts, under Paragraph 1.7 of this Plan of Allocation; and (b) instructing the Plan as to the amount of the Net Settlement Amount to be allocated to Current Participants, and to Beneficiaries or Alternate Payees who have Active Accounts, under Paragraph 1.6 of this Plan of Allocation and calculating the total amount to deposit into each of their Active Account(s) to fulfill this instruction.

1.5.6    The total amount of all checks to be paid by the Settlement Administrator for Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts, plus the total amount of all allocations that the Plan are instructed to make to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, may not exceed the Net Settlement Amount. Nothing in this Paragraph 1.5 is intended to modify the requirements of Paragraph 1.8 below. In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized and required to make such *pro rata* changes as are necessary to the Plan of Allocation such that said total does not exceed the Net Settlement Amount.

1.6    **Payments to Current Participants and Beneficiaries or Alternate Payees with Active Accounts.**

1.6.1    Within a reasonable time after the Settlement Administrator has completed all payment calculations for all Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, the Settlement Administrator will provide the Plan's Recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and the Plan's Recordkeeper, with an Excel spreadsheet containing the name, Social Security number (or alternative identifier(s) mutually acceptable), and amount of the settlement payment to be made into the Active Account(s) for each of these persons. In the event the Excel spreadsheet includes Social Security numbers, the Settlement Administrator will transmit the spreadsheet in a manner to protect the confidentiality of any such Social Security numbers. At the time that the Excel spreadsheet is provided to the Plan's Recordkeeper, the Settlement

4

Administrator will also provide written notice to the Plan of the total that will be transferred to the trust for the Plan.

**1.6.2**    Ten (10) business days after providing the payment calculations and written notice to the Plan referenced in Section 1.6.1, the Settlement Administrator shall effect a transfer from the Settlement Fund to the trust for the Plan of the aggregate amount of all settlement payments payable to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, as reflected in the spreadsheet provided by the Settlement Administrator. Defendants (or their designee) shall direct the Plan's Recordkeeper to credit the individual Active Account(s) of each such person in the amount stated on the spreadsheet provided by the Settlement Administrator in relation to each such person.

**1.6.3**    The settlement payment for each Current Participant who is an active participant in the Plan (*i.e.*, has the right to make contributions to the Plan), will be invested in accordance with and proportionate to such participant's investment elections then on file for new contributions. If the Current Participant does not have an investment election on file, then such participant shall be deemed to have directed such payment to be invested in the Plan's default investment option. Likewise, the settlement payment to each Beneficiary or Alternate Payee who has an Active Account will be invested in accordance with and proportionate to such person's investment elections then on file, or if such a person does not have investment elections on file, then such persons will be deemed to have directed such payments to be invested in the Plan's default investment option.

**1.6.4**    The Plan's Recordkeeper shall process all settlement payments to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, as soon as administratively feasible after the Plan receives the payment from the Settlement Fund and the Excel spreadsheet containing the agreed-upon information.

**1.6.5**    If, as of the date when payments pursuant to this Settlement Agreement are made, a Current Participant, or Beneficiary or Alternate Payee who had an Active Account when the Settlement Administrator provided the information described in Section 1.6.1, no longer has an Active Account, he, she, or they will be treated as a Former Participant for purposes of the settlement distribution only and will receive his, her, or their payment from the Settlement Administrator in the form of a check as described in Paragraph 1.7. A Current Participant, or Beneficiary or Alternate Payee who had an Active Account when the Settlement Administrator provided the information described in Section 1.6.1, who no longer has an Active Account on the date of his, her, or their settlement distribution shall receive their payment in the form of a check as described in paragraph 1.7.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

**1.7**    **Payments to Former Participants and Beneficiaries or Alternate Payees without Active Accounts.**

> **1.7.1**    The Settlement Administrator will issue a check from the Settlement Fund to the Former Participant or Beneficiary or Alternate Payee without an Active Account and mail the check to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

> **1.7.2**    The Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant or Beneficiary or Alternate Payee without an Active Account; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to these persons.

**1.8**    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties agree to promptly discuss modifications to the terms of this Plan of Allocation and present such modified terms to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website.

**1.9**    The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**1.10**    Within twenty one (21) calendar days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice; (c) the name of each Class Member whose Settlement Notice was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a payment from the Net Settlement Amount, together with the amount and form of the payment, the name of the payee, the date of payment, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**1.11**    The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants and Defense Counsel will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the

payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Settlement Fund shall not be treated as wages by the Parties.

1.12    Each Class Member who receives a payment under the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

1.13    All checks issued pursuant to this Plan of Allocation shall expire one hundred eighty (180) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall return to the Settlement Fund.

1.14    No sooner than three hundred ninety-five (395) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the Settlement Fund after payments, including costs and taxes, shall be paid to the Plan for the benefit of the Plan's participants, and not to be used to defray any expenses that would otherwise be paid by Defendants or to defray Defendants' fees and costs in connection with the Class Action.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, Individually and as representatives of a class of similarly situated persons, on behalf of the CHILDREN'S HOSPITAL CORPORATION TAX-DEFERRED ANNUITY PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown, <br><br> Defendants. | Case No: 1:22-cv-10069-JEK |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, FORM AND MANNER OF SETTLEMENT NOTICE, PLAN OF ALLOCATION, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES AND SCHEDULING FAIRNESS HEARING

This Class Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, with respect to the Children's Hospital Corporation Tax-Deferred Annuity Plan (the "Plan").[1]  The terms of the Settlement are set out in the Settlement Agreement, fully executed as of April ___, 2025, by counsel on behalf of the Class Representatives, all Class Members, and Defendants, respectively.

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the meaning ascribed to them in the Settlement Agreement.

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Pursuant to the Class Representatives' Motion for Preliminary Approval of Class Action Settlement, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing, the Court preliminarily considered the Settlement to determine, among other things, whether the issuance of notice to members of the proposed Settlement Class is warranted.  Upon reviewing the Settlement Agreement, supporting papers, and the record in this action, due notice having been given, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.      **Preliminary Certification of the Settlement Class.**  In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All participants and beneficiaries of the Plan, at any time during the Class Period (January 18, 2016, through the date this Preliminary Approval Order is entered by the Court), including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who was a participant in the Plan at any time during the Class Period. The Settlement Class shall exclude all Defendants and their Beneficiaries.

2.      Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a)      as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the Settlement  Class is so numerous that joinder of all members is impracticable;

(b)      as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c)      as required Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

seek to certify;

(d)     as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class;

(e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class;

3.     The Court preliminarily appoints Adilson Monteiro, Karen Ginsburg, Jason Lutan and Brian Minsk as Class Representatives for the Settlement Class and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

4.     **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

that:

(a)     The Settlement was negotiated vigorously and at arm's length, under the auspices of an experienced, neutral mediator, by Defense Counsel on the one hand, and by Class Counsel on behalf of the Class Representatives and the Settlement Class on the other hand;

(b)     The Class Representatives and Class Counsel had sufficient information to evaluate the settlement value of the Class Action and have concluded that the Settlement is fair, reasonable, and adequate;

(c)     If the Settlement had not been achieved, the Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

(d)     The amount of the Settlement—three million dollars ($3,000,000.00)—is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Net Settlement Amount is efficient, relying substantially on Defendants' records, and requiring no filing of claims. The Settlement terms related to attorneys' fees and expenses, as well as Case Contribution Awards to Class Representatives, do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

(e)     At all times, the Class Representatives and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

(f)     The proposed Plan of Allocation is fair, reasonable, and adequate.

5.     **Establishment of Qualified Settlement Fund.** A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as

the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with terms of the Settlement Agreement.

Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Preliminary Approval Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

make and file with the appropriate taxing authorities any reports or returns due with respect to

any distributions from the Settlement Fund. The Settlement Administrator also shall determine

and pay any income taxes owing with respect to the income earned by the Settlement Fund.

Additionally, the Settlement Administrator shall file returns and reports with the appropriate

taxing authorities with respect to the payment and withholding of taxes.

The Settlement Administrator, in its discretion, may request expedited review and

decision by the IRS or the applicable state or local taxing authorities with regard to the

correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the

availability of sufficient funds to meet the obligations of the Settlement Fund itself and the

Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for

taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall

have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of

the Settlement Agreement, including the payment of all distributions. Such powers include

investing, allocating and distributing the Settlement Fund, and in general supervising the

administration of the Settlement Agreement in accordance with its terms and this Order. The

Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts,

disbursements and other transactions of the Settlement Fund. All accounts, books, and records

relating to the Settlement Fund shall be open for reasonable inspection by such persons or

entities as the Court orders. Included in the Settlement Administrator's records shall be complete

information regarding actions taken with respect to the award of any payments to any person, the

nature and status of any payment from the Settlement Fund, and other information which the

Settlement Administrator considers relevant to showing that the Settlement Fund is being

administered, and awards are being made, in accordance with the purposes of the Settlement

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Agreement, this Preliminary Approval Order, and any future orders that the Court may find it necessary to issue.

6.    **Fairness Hearing** – A hearing is scheduled for_____, _____, (at least 140 days after the date the motion for entry of the Preliminary Approval Order is filed) to make a final determination concerning, among other things:

- any objections from Class Members to the Settlement or any aspects of it;

- whether the Settlement merits final approval as fair, reasonable, and adequate;

- whether the Class Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- whether the proposed Plan of Allocation should be granted final approval; and

- whether Class Counsel's application(s) for Attorneys' Fees and Expenses and Case Contribution Awards to the Class Representatives are fair and reasonable, and whether they should be approved.

7.    **Settlement Notice.** The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and Case Contribution Awards for the Class Representatives for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how recipients of the Notice may

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

object to any of the relief requested.

8.    **Settlement Administrator.** The Court hereby approves the appointment of Strategic Claims Services as the Settlement Administrator for the Settlement.  The Court directs that the Settlement Administrator shall:

- By no later than _____(30 days after entry of this Preliminary Approval Order), cause the Settlement Notice and Former Participant Claim Form to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort.

- The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice and Former Participant Claim Form is returned and re-send such documents one additional time.

- By no later than _____, (30 calendar days after entry of this Preliminary Approval Order), cause the Settlement Notice to be published on the website identified in the Settlement Notice, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9.    **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Award.** Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Awards to the Class Representatives, and all briefs in support thereof, shall be filed no later than

_____ (45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

10.    **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____ (45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

11.    **Objections to Settlement.** Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Qualified Settlement Fund, or to the request for Case Contribution Awards for the Class Representatives. An objection must include: (a) the full name, address, and telephone number of the objector; (b) a written statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s) and whether the objection is on behalf of the objector only, a portion of the Settlement Class, or the Settlement Class as a whole; (c) copies of any papers, briefs, or other documents upon which the objection is based; (d) a list of all persons, if any, who will be called to testify in support of the objection; (e) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the previous five years; and (f) the objector's signature, even if represented by counsel. The address for filing objections with the Court is as follows:

Clerk of Court
U.S. District Court for the District of Massachusetts

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300,
Boston, Massachusetts 02210
Re: *Monteiro v. The Children's Hospital Corp.*, Case No. 1:22-cv-10069 (D. Mass.)

The objector or his, her, their, or its counsel (if any) must file or postmark the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____(30 days before the date of the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, them, or it for the purposes of making an objection at the Fairness Hearing pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than _____ (15 days before the date of the Fairness Hearing specified in this Preliminary Approval Order). Any member of the Settlement Class or other person who does not timely file a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court prior to the Fairness Hearing. There shall be no reply briefs.

12.    **Participation in Final Approval Hearing.** Any objector who files a timely, written objection in accordance with Paragraph 11 above may also participate in the Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in the Fairness Hearing must file a notice of intention to participate and, if applicable, the name, address, and telephone number of the objector's attorney, with the Court by no later than _____ (15 days before the date of Fairness Hearing specified in this Preliminary Approval Order). Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

permitted to speak at the Fairness Hearing, except for good cause shown.

13.     **Notice Expenses.** The expenses of printing, mailing, and publishing the

Settlement Notice required herein shall be paid exclusively from the Settlement Fund.

14.     **Parallel Proceedings.** Pending final determination of whether the Settlement

Agreement should be approved, the Class Representatives, every Class Member, and the Plans

are prohibited and enjoined from directly, through representatives, or in any other capacity

commencing any action or proceeding in any court or tribunal asserting any of the Released Claims

against the Defendant Released Parties.

15.     **Class Action Fairness Act Notice.** The form of notice under the Class Action

Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies

with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations

pursuant to CAFA.

16.     **Continuance of Final Approval Hearing.** The Court reserves the right to

continue the Fairness Hearing without further written notice to the Class Members and the right

to schedule the hearing to be done by telephone or video conference.


SO ORDERED this _____ day of _____, 2025.


_____
Hon. Julia E. Kobick
United States District Judge

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

# EXHIBIT D

Docusign Envelope ID: 6D25170F-C6AC-4BFE-9B0E-98EE5A8BEADD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ADILSON MONTEIRO, KAREN
GINSBURG, JASON LUTAN, and
BRIAN MINSK, Individually and as
representatives of a class of similarly
situated persons, on behalf of the
CHILDREN'S HOSPITAL
CORPORATION TAX-DEFERRED
ANNUITY PLAN,

               Plaintiffs,

v.

THE CHILDREN'S HOSPITAL
CORPORATION, THE BOARD OF
DIRECTORS OF THE CHILDREN'S
HOSPITAL CORPORATION, THE
CHILDREN'S HOSPITAL
CORPORATION RETIREMENT
COMMITTEE; and DOES No. 1-20,
Whose Names Are Currently Unknown,

               Defendants.

Case No: 1:22-cv-10069-JEK

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

    This class action came before the Court for hearing on ⬛⬛⬛⬛⬛ to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing.  Due notice having been given and the Court having been fully advised in the premises, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

    Except as otherwise defined herein, all capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

executed by counsel on behalf of the Class Representatives, all Class Members, and Defendants, respectively.

1.      The Court has jurisdiction over the subject matter of the Class Action and over all Settling Parties, including all members of the Settlement Class.

2.      For the sole purpose of settling and resolving the Class Action, the Court certifies the Class Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All participants and beneficiaries of the Plan, at any time during the Class Period (January 18, 2016, through the date the Preliminary Approval Order was entered by the Court), including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who was a participant in the Plan at any time during the Class Period. The Settlement Class shall exclude all Defendants and their Beneficiaries.

3.      The Court finds for the sole purpose of settling and resolving the Class Action that:

(a)      as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)      as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)      as required by FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seek to certify.

(d)      as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class.

      (e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

      (f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

      4.     The Court hereby appoints Adilson Monteiro, Karen Ginsburg, Jason Lutan and Brian Minsk as Class Representatives for the Settlement Class, and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

      5.     The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for Attorneys' Fees and Expenses and for the Case Contribution Awards to the Class Representatives, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the

Settlement Class who could be identified through reasonable efforts, as well as notice through

the dedicated Settlement Website on the internet, and provided valid, due, and sufficient notice

of these proceedings and of the matters set forth in this Order, and included sufficient

information regarding the procedure for the making of objections. Such notice constitutes the

best notice practicable under the circumstances and fully satisfies the requirements of FED. R.

CIV. P. 23 and the requirements of due process.

6.      The Court hereby approves the Settlement and hereby orders that the Settlement

shall be consummated and implemented in accordance with its terms and conditions.

7.      Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in

the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class,

and more particularly finds that:

(a)      The Settlement was negotiated vigorously and at arm's length,

under the auspices of an experienced, neutral mediator, by Defense Counsel on the one

hand, and by Class Counsel on behalf of the Class Representatives and the Settlement

Class, on the other hand;

(b)      Class Representatives and Defendants had sufficient information

to evaluate the settlement value of the Class Action;

(c)      If the Settlement had not been achieved, Class Representatives and

the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)      The amount of the Settlement—three million dollars

($3,000,000.00)—is fair, reasonable, and adequate, taking into account the costs, risks,

and delay of trial and appeal. The method of distributing the Net Settlement Amount is

efficient and requires no filing of claims. The Settlement terms related to attorneys' fees

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

and expenses, and Case Contribution Awards to Class Representatives, do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

      (e)    At all times, the Class Representatives and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

      (f)    The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8.    The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9.    All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

10.    The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents,

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; and regardless of whether any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses; and regardless of whether the objections or claims for distribution of any such Class Member have been approved or allowed.

11.     The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party."  The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

12.     The Class Representatives, the Class Members, and the Plan, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Released Claims.

13.     Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Agreement.

15.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order, the Settlement Agreement, or the termination of the Settlement Agreement.

16.     Class Counsel is awarded Attorneys' Fees in the amount of $1,000,000.00, such amounts to be paid out of the Settlement Fund within fifteen (15) business days of the Effective Date of the Settlement. The Court finds that Class Counsel's efforts in this litigation and the results achieved on behalf of the Class merit an award of the requested Attorneys' Fees. Further, the Court finds that the litigation expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this litigation, such that payment of the requested litigation expenses is warranted.

17.     Class Representatives are awarded $10,000.00 as a compensatory award for reasonable costs and expenses directly relating to the representation of the Class, such amounts to be paid from the Settlement Fund within fifteen (15) business days of the Effective Date of the

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

Settlement.

18.     The Court finds that the Attorneys' Fees and expenses and Class Representatives'
awards are fair and reasonable based on the efforts undertaken by Class Counsel and Class
Representatives on behalf of the Settlement Class.

19.     Any motion to enforce this Final Approval Order or the Settlement Agreement,
including by way of injunction, may be filed in this Court, and the provisions of the Settlement
Agreement and/or this Final Approval Order may also be asserted by way of an affirmative
defense or counterclaim in response to any action that is asserted to violate the Settlement
Agreement.

20.     In the event that the Settlement Agreement is terminated, in accordance with its
terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated
*nunc pro tunc*, and the Class Action shall for all purposes with respect to the Parties revert to its
status as of the day immediately before the day the Settlement was reached. The Parties shall be
afforded a reasonable opportunity to negotiate a new case management schedule.

21.     With respect to any matters that arise concerning the implementation of
distributions to Class Members who have an Active Account (after allocation decisions have
been made by the Settlement Administrator in its sole discretion), all questions not resolved by
the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the
Plan, in accordance with applicable law and the governing terms of the Plan.

22.     Within 21 calendar days following the issuance of all settlement payments to
Class Members as provided by the Plan of Allocation approved by the Court, the Settlement
Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each
person who received a settlement payment or contribution from the Qualified Settlement Fund

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

and the amount of such payment or contribution.

23.    Upon entry of this Final Approval Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order.

24.    **Final Approval Granted**: The Motion for Final Approval of the Settlement and Agreement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

25.    **Judgment**: The Court hereby enters judgment on all claims, counts, and causes of action alleged in the Class Action. Notwithstanding the reservation of jurisdiction in Paragraph 15 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Class Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

SO ORDERED, ADJUDGED AND DECREED this _____ day of _____, 202_.


_____
Hon. Julia E. Kobick
United States District Judge

# Morgan Lewis

**Stephanie R. Reiss**
+1.412.560.3378
stephanie.reiss@morganlewis.com

_____, 2025

**VIA FEDERAL EXPRESS**

[Name]
[Department]
[Address]

Re:    *Monteiro et al. v. The Children's Hospital Corporation et al.,*
       Case No. 1:22-cv-10069 (D. Mass).

Dear Sir or Madam:

 The Children's Hospital Corporation, the Board of Directors of the Children's Hospital Corporation, and the Children's Hospital Corporation Retirement Committee (collectively, "Defendants") hereby provide this Notice of a Proposed Class Action Settlement in the above-referenced matter pursuant to the Class Action Fairness Act of 2005 ("CAFA").

In accordance with its obligations under CAFA, Defendants enclose the following:

**(1)    The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiffs' Class Action Complaint as filed in *Monteiro et al. v. The Children's Hospital Corporation et al.,* Case No. 1:22-cv-10069 (D. Mass)., can be found on the enclosed flash drive as "Exhibit 1 - Complaint."

**(2)    Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a hearing to consider preliminary approval of the settlement or a final fairness hearing regarding the settlement.  Once the Court sets a hearing date, such date(s) can be found on PACER as follows:  (1) enter PACER through https://ecf.mad.uscourts.gov/cgi-bin/login.pl, (2) click on "Query,"  (3) enter the civil case number, 1:22-cv-10069, (4) click on "Run Query," and (5) click on the link "Docket Report."  The order(s) scheduling hearing(s) will be found on the docket entry sheet.

**Morgan, Lewis & Bockius LLP**

One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA  15219-6401    **T** +1.412.560.3300
United States    **F** +1.412.560.7001

DB1/ 155110078.2

Doc ID: 58bd34a7014f58bfea97440d528fb80e560a5fea

VIA FEDERAL EXPRESS
_____, 2025
Page 2


 **(3)    Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed flash drive as "Exhibit 2 – Settlement Notice."

**(4)    Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties (including Exhibits A-E) as submitted to the Court can be found on the enclosed flash drive as "Exhibit 3 – Settlement Agreement."  There are no other agreements contemporaneously made between Class Counsel and counsel for the Defendants.

**(5)    A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Approval Order will be available through PACER and can be accessed online as follows:  (1) enter PACER through https://ecf.mad.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 1:22-cv-10069, (4) click on "Run Query," and (5) click on the link "Docket Report."  The order(s) entering final judgment will be found on the docket entry sheet.

**(6)    Names of class members who reside in each state and the estimated**
        **proportionate share of the claims of such members to the entire settlement.**

On the enclosed flash drive is a table providing a reasonable estimate of the number of Class Members residing in each state.  The specific settlement allocation to each Class Member will be determined by the Settlement Administrator pursuant to the Plan of Allocation to be approved by the Court.  The proposed Plan of Allocation appears at Exhibit B to the Settlement Agreement.  We do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the Class Members who reside in each State to the entire settlement.  Upon final approval of the court, the settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

VIA FEDERAL EXPRESS

_____, 2025

Page 3

**(7)      Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered a Preliminary Approval Order or any opinions relating to the materials described in sections (3) through (5).  Upon entry, a copy of said Order or opinion can be found online through the process described in section (5) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be found online through the process described in section (5) above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,


Stephanie R. Reiss

SRR