UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADILSON MONTEIRO, KAREN GINSBURG, JASON LUTAN, and BRIAN MINSK, *individually and as representatives of a class of similarly situated persons, on behalf of the Children's Hospital Corporation Tax-Deferred Annuity Plan*,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, THE BOARD OF DIRECTORS OF THE CHILDREN'S HOSPITAL CORPORATION, THE CHILDREN'S HOSPITAL CORPORATION RETIREMENT COMMITTEE, and DOES NO. 1-20,<br><br>Defendants. | No. 1:22-cv-10069-JEK |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**KOBICK, J.**

Plaintiffs Adilson Monteiro, Karen Ginsburg, Jason Lutan, and Brian Minsk filed this putative class action in January 2022, alleging that the defendants—The Children's Hospital Corporation, its Board of Directors, its Retirement Committee, and unknown Does—breached certain fiduciary duties owed to the Children's Hospital Corporation Tax-Deferred Annuity Plan (the "Plan") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq*. The complaint alleges that the defendants retained imprudent investments and permitted the Plan to pay excessive recordkeeping fees after failing to properly monitor those investments and fees. Following extensive discovery, the parties engaged in private mediation and agreed upon

settlement terms. Pending before the Court is the plaintiffs' unopposed motion for preliminary approval of a class action settlement. For the reasons to be explained, the motion will be granted.

## BACKGROUND

The plaintiffs initiated this ERISA action in January 2022. ECF 1. The complaint alleges that the defendants breached their fiduciary duties to maintain prudent investments and defray the Plan's expenses, in violation of 29 U.S.C. §§ 1109(a) and 1132 (Count I); violated 29 U.S.C. § 1109(a) by failing to monitor the Plan's investments and fees (Count II); and, alternatively, are liable for knowing breach of trust if they are not deemed fiduciaries under ERISA (Count III). *Id.* ¶¶ 105-21. The Court denied the defendants' motion to dismiss the complaint in March 2023 and their motion to certify interlocutory appeal in July 2023. ECF 56, 66. In October 2024, after engaging in extensive discovery, the parties moved for, and the Court granted, a stay of this case pending private mediation. ECF 87, 88. Following a successful mediation in February 2025, the parties executed a settlement agreement in April 2025. ECF 91; ECF 96-1, ¶ 8; ECF 96-2.

## DISCUSSION

I.  **Preliminary Class Certification.**

To obtain class certification, the plaintiffs must establish the four threshold elements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). They must also demonstrate, as relevant here, Rule 23(b)(1)'s additional prerequisite that "prosecuting separate actions by or against individual class members would create a risk of . . . adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B).

For purposes of settlement, the plaintiffs have sufficiently satisfied the requirements of Rules 23(a) and 23(b)(1)(B) to certify, as agreed by the parties, a class comprising "all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a [Qualified Domestic Relations Order] who participated in the Plan at any time during the Class Period." ECF 96-2, at 7, § 1.46. The proposed class excludes the defendants and their beneficiaries. *Id.* The "Class Period" is defined as "the period from January 18, 2016, through the date the Preliminary Approval Order is entered by the Court." *Id.* at 3, § 1.13.

The plaintiffs have established that preliminary class certification is warranted. First, "the class is so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a)(1), because it consists of over 20,000 participants, ECF 96-1, ¶ 4. *See García-Rubiera v. Calderón*, 570 F.3d 443, 460 (1st Cir. 2009) (identifying "the low threshold for numerosity" as more than forty members (citation omitted)).

Second, "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A question is common if it is 'capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Parent/Pro. Advoc. League v. City of Springfield, Massachusetts*, 934 F.3d 13, 28 (1st Cir. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The commonality requirement is met here because many questions of law or fact exist that are common to the plaintiffs and the proposed class, "including whether defendants were fiduciaries; whether defendants breached their duties to the Plan . . . ; and whether the Plan suffered losses as a result of defendants' breaches." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597 (3d Cir. 2009); *see* ECF 96, at 9 (listing additional common questions at issue).

3

Third, "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), because the plaintiffs' claims concerning the defendants' management and administration of the Plan "'aris[e] from the same event or practice or course of conduct that gives rise to the claims of other class members, and . . . are based on the same legal theory.'" *García-Rubiera*, 570 F.3d at 460 (citation omitted); *see Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 103 (D. Mass. 2010) (finding typicality where plaintiff's ERISA claims were "based on the same basic legal theory as the claims of all other class members").

Fourth, "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), because the plaintiffs' interests "will not conflict with the interests of any of the class members" and their chosen counsel are "qualified, experienced and able to vigorously conduct the proposed litigation," *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The plaintiffs are pursuing claims on behalf of the Plan and thus share the same interests as the class members in establishing that the defendants are liable for breaching their fiduciary duties under the Plan and recovering damages for those breaches. ECF 96-1, ¶ 3. And given their extensive experience litigating ERISA cases, the plaintiffs' attorneys are able to "properly and vigorously" represent the class. *Andrews*, 780 F.2d at 130; ECF 96-1, ¶¶ 5-6, 10.

Finally, separate lawsuits by "individual members of the class would have the practical if not technical effect of concluding the interests of the other members as well, or of impairing the ability of the others to protect their own interests." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999) (quotation marks omitted). "Classic" actions under Rule 23(b)(1)(B) include cases like this one "charging 'a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class' of beneficiaries." *Id.* at 833-34 (quoting Fed. R. Civ. P. 23 1996 Advisory Comm. Notes). The plaintiffs allege that the defendants breached their fiduciary duties and

affected a class of over 20,000 beneficiaries. Rule 23(b)(1)(B) is, accordingly, satisfied. *See Bowers v. Russell*, No. 22-cv-10457-PBS, 2025 WL 342077, at *8 (D. Mass. Jan. 30, 2025) (Rule 23(b)(1) met where defendants allegedly "breached their fiduciary duties and affected a class of 394 beneficiaries").

**II.     Preliminary Approval of Settlement.**

Federal Rule of Civil Procedure 23(e) permits courts to "approve a class-action settlement only if that settlement is 'fair, reasonable, and adequate.'" *Cohen v. Brown Univ.*, 16 F.4th 935, 943 (1st Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)). While "approval or rejection of a class-action settlement is entrusted to the district court's informed discretion," *id.* at 944, courts must evaluate certain "procedural" and "substantive" factors, *Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 345 (1st Cir. 2022). The procedural factors require consideration of whether "the class representatives and class counsel have adequately represented the class" and "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(A)-(B). The substantive factors address whether "the relief provided for the class is adequate" and "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)-(D).

The parties' settlement agreement is preliminarily approved pursuant to Rule 23(e) because all four factors are met. First, the plaintiffs and their counsel have adequately represented the class. Fed. R. Civ. P. 23(e)(2)(A). The "adequate representation inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent." *Murray*, 55 F.4th at 345 (quotation marks omitted). As explained, the plaintiffs' interests do not conflict with those of the class because they, like other Plan participants, seek relief from the defendants' allegedly imprudent conduct in managing and administering the Plan. Their counsel have likewise represented the class "competently and vigorously and without conflicts of interest." *In re Pharm.*

5

*Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 n.12 (1st Cir. 2009). Given "the nature and amount of discovery" conducted, counsel appear to have "an adequate information base" to justify settling. Fed. R. Civ. P. 23(e)(2)(A)-(B) 2018 Comm. Notes. Indeed, counsel—who have extensive experience litigating ERISA disputes—reviewed "thousands of relevant documents and communications" before deciding to settle. ECF 96-1, ¶¶ 5-10.

Second, the parties negotiated the proposed settlement at arm's length. Fed. R. Civ. P. 23(e)(2)(B). This factor considers whether settlement negotiations "were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e)(2)(A)-(B) 2018 Comm. Notes. The record reflects that, over the course of this litigation, the parties conducted comprehensive discovery and engaged in substantive negotiations before participating in a private mediation and agreeing to settle. ECF 96-1, ¶¶ 7-8. The proposed settlement is, therefore, the product of arm's length negotiations without any collusion between the parties. *See Nat'l Ass'n of Deaf v. Mass. Inst. of Tech.*, No. 15-cv-30024-KAR, 2020 WL 1495903, at *4 (D. Mass. Mar. 27, 2020). And because "the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." *In re Pharm. Indus.*, 588 F.3d at 32-33.

Third, the proposed settlement provides adequate relief to the class, especially when compared to the costs, risks, and delays associated with continued litigation. Fed. R. Civ. P. 23(e)(2)(C). Rule 23 requires "balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). After reviewing thousands of documents, the plaintiffs' counsel determined that the settlement was fair and reasonable based on "the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes

6

of the case." ECF 96-1, ¶¶ 7-9. Given the uncertainties of trial and the costs of litigation, the Court agrees with the parties that the proposed settlement of $3 million is a reasonable amount. ECF 96-2, at 4, 14, §§ 1.26, 4.4-4.5.

Fourth, the proposed settlement treats class members equitably. Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims." Fed. R. Civ. P. 23(e)(2)(C)-(D) 2018 Comm. Notes. Under this agreement, each class member's allocation will be proportionate to their investment in the Plan. ECF 96-2, Ex. B, at 2-4, § 1.5; *see* ECF 96-2, at 16-17, § 5.3. Since "this allocation of settlement dollars approximates the proportion of damages suffered by each" member, the agreement appropriately treats all class members equitably. *Mongue v. Wheatleigh Corp.*, No. 18-cv-30095-KAR, 2023 WL 5435918, at *9 (D. Mass. Aug. 23, 2023).

### III. Approval of Settlement Notice.

Federal Rule of Civil Procedure 23(e) requires that notice be provided "in a reasonable manner to all class members who would be bound by the [settlement] proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(c) similarly demands "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). As the First Circuit has observed, the notice requirement "is rooted in due process" and designed "'to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated.'" *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) (citation omitted). At a minimum, the "notice must clearly and concisely" describe to class members "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will

exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c) also expressly permits notice by "United States mail, electronic means, or other appropriate means." *Id.*

The parties' proposed notice and plan for issuing such notice satisfy the requirements of Rule 23 and due process. The notice properly provides information about, among other items, the claims in this action; the settlement agreement; class members' rights to participate in, or object to, the settlement; and the timing of the final approval hearing. *See* ECF 96-2, Ex. A. The settlement agreement also calls for delivery of the notice by email or first-class U.S. mail to class members' last known addresses. ECF 96-2, at 9, 20, §§ 2.2.4, 8.2; *see* ECF 96 at 18; *Loestrin 24 Fe Antitrust Litig.*, No. 13-MD-2472-S-PAS, 2020 WL 5203323, at *2 (D.R.I. Sept. 1, 2020) (permitting notice by first class mail and email); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) ("Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort.").

### IV. Appointment of Class Counsel, Class Representatives, and Settlement Administrator.

Federal Rule of Civil Procedure 23(g) "requires district courts to appoint class counsel and governs how courts should choose counsel." *In re Pharm. Indus.*, 588 F.3d at 41. It states that courts "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Rule 23(g) also provides that "counsel must fairly and adequately represent the interests of the class," and that courts may appoint such counsel "only if the applicant is adequate under Rule 23(g)(1)

and (4)." Fed. R. Civ. P. 23(g)(2), (4). Miller Shah LLP and Capozzi Adler, P.C. are appointed as interim class counsel because, as discussed, they are experienced and have adequately and fairly represented the class. *See* ECF 96-1, ¶¶ 5-6. They are thus responsible for ensuring, among other things, that the notice process articulated in the settlement agreement is followed. *See* ECF 96-2, at 10-11, §§ 2.3-2.4.

In addition, the plaintiffs are appointed as class representatives because they too have fairly and adequately represented the interests of the proposed class. *See* Fed. R. Civ. P. 23(a)(4), (e)(2)(A). The parties also "wish to . . . use . . . [a] professional claims administrato[r]," Strategic Claims Services. Fed. R. Civ. P. 23(c)(2) 2018 Comm. Notes; *see* ECF 96-2, at 7, § 1.43. Strategic Claims Services is, therefore, appointed as settlement administrator to carry out the notice plan and administer the settlement process. *See* ECF 96-2, at 10-11, 13-18, §§ 2.3-2.4, 4-6.

## V.     Scheduling of Final Approval Hearing.

Federal Rule of Civil Procedure 23(e) states, in relevant part, that courts may approve a settlement proposal "only after a hearing." Fed. R. Civ. P. 23(e)(2). A final approval hearing will accordingly be held on September 29, 2025 at 2:30 p.m. Eastern Time in Courtroom 3 of the John Joseph Moakley Courthouse located at 1 Courthouse Way in Boston, Massachusetts.

## CONCLUSION AND ORDER

For the foregoing reasons, the plaintiffs' unopposed motion for preliminary approval of a class action settlement, ECF 95, is GRANTED. The Court will issue a separate order generally adopting the plaintiffs' proposed order, which summarizes these findings, authorizes dissemination of the class notice, and details the schedule moving forward, including for the final approval hearing.

SO ORDERED.

Dated: May 12, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE